## PHILLIPS vs. FLINT.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE
SEVENTH PRESIDING.

The act of partition of an estate made and acknowledged before a notary of another state, when it is offered in evidence as an exemplification of office books, must have the notarial seal of the notary affixed, with the certificate and great seal of state of the governor, that the notary is duly commissioned, &c.,; to authorise its admission as evidence in the courts of this state.

The protests of bills of exchange are, by commercial law and usage, received as evidence, without inquiry of the notary's capacity to make them, or a certificate that he is duly commissioned, &c. even when made in another state or foreign country.

Plaintiffs in a petitory action must recover by the strength of their own title, and not by the weakness of that of their adversary.

An undivided portion or share of a co-heir of a succession cannot be seized and sold under execution. But such sale involves a relative nullity, which can only be taken advantage of by a person having a just title at the time, in an action of rescission.

James L. and Richard L. Phillips claim two negroes, in the possession of the defendant, which they allege belonged to their father's succession, and are now their property.

The defendant pleads a general denial. He alleges further that the slaves were mortgaged by Isabella Phillips, John Phillips, and Abram Phillips, to Henry A. Bullard, and that the said Isabella, John and Abram Phillips at the time of contracting the debt and making the mortgage, were the legal owners, and in possession of the said slaves. They were sold under this mortgage, and defendant became the purchaser. It was also alleged that in a suit of the plaintiffs and their co-heirs against one Gill in the Probate Court, who was a judgment creditor, these same plaintiffs charged the other heirs with the slaves in question, and have now no right to them under any. pretext.

The plaintiffs claim the negroes as heirs of Isaac Phillips, and in virtue of an act of partition, made before a notary in Alabama, of his estate. The reading of this document or record was objected to, as not being authenticated according to the act of Congress. The governor certified at the foot of the instrument that the notary was duly commissioned, &c., and his certificate was countersigned by the secretary of state, with the seal affixed. The objections were over-ruled. The plaintiffs had judgment, and the defendant appealed.

*Boyce*, for the plaintiffs and appellees.

1. The plaintiffs sue as two of the heirs of Isaac Phillips, and claim the slaves in controversy as part of his succession, the same being assigned to them by their co-heirs in an amicable partition, made and acknowledged before a notary in the state of Alabama.

2. The judgment of the Probate Court decreeing a division of the property of the succession of Isaac Phillips at the instance of his creditors, is not binding on the plaintiffs, who were not parties; and the court was without jurisdiction, because the right to property was involved.

3. The defendant holds the property by sheriff's sale, under execution issued against Isabella Phillips, which cannot affect the plaintiffs' rights in the succession of Isaac Phillips, as the judgment of the Probate Court decreed she was entitled to no share of this succession, the defendant shows no right to hold

the property under A. and J. Phillips, who merely joined their mother in the mortgage.

*Bullard*, for the defendant.

1. The negroes in controversy having been charged to the plaintiffs' co-heirs in an action of partition of the estate in which the plaintiffs were parties, as having been alienated by them, all title on the part of the plaintiffs was divested, and that the judgment of the Probate Court is *res judicata*.

2. The sale under execution divested all the rights of the mortgagers *in solido*, although judgment was rendered only against one of them.    10 *Touillier*.    *Martin* vs. *Martin et als*.

*Mathews, J.* delivered the opinion of the court.

This is a suit instituted to recover certain slaves as described in the petition of the plaintiffs.    They obtained a verdict and judgment in the District Court, from which the defendant appealed.

The action is petitory, and in order to recover, the plaintiffs must show title in themselves against the general denial in the answer of the defendant, who also pleads title to the property in dispute.

The evidence of title in the plaintiffs, is proof of heirship to Isaac Phillips, their father, who was husband to one of the persons, and father of the other two, from whom the defendant derives title, and an act purporting to be a partition of the succession of their ancestor, made in the state of Alabama.    This act is under private signature, but it is alleged to have been afterwards acknowledged before a notary public.    The act by which this partition purports to be evidenced, was objected to on the ground of not being supported by proper certificates as a record of another state under the act of Congress, and as not being properly proven as an original.    It was, however, admitted by the judge *a quo*, and a bill of exceptions taken, which must be examined before we enter into an investigation of the titles set up by the contending parties.    The certificates which are annexed to the pretended deed of partition, if it be considered as an exemplification of office books, do

PHILLIPS ET ALS.
vs.
FLINT.

not authorise its admission as evidence. It is not solemnized by a notarial seal, and the certificate of the governor of the state of Alabama, that the person who assumes the character of notary, was really such, is not authenticated by the great seal of that state.

If the instrument now offered be viewed as an original, the proof offered is insufficient to support its authenticity. It is true, that in cases of protest of bills of exchange the act of a notary, in a foreign state, is received without inquiry into his capacity as such. These acts are, however, admitted without further inquiry only in aid of commerce, and their authenticity rests solely on commercial law; and may be considered as an exception to the general rule that the acts of a person assuming power as an officer of a foreign state, when contested in a court of justice, can have no weight until his capacity be proven.

In the present case there is no evidence that the person before whom the partition purports to have been acknowledged, was a notary public at the time of such acknowledgment, because the certificate of the governor of Alabama to that effect is not supported by the great seal; therefore the judge in the court below erred in admitting this act of partition.

Having thus disposed of this part of the plaintiffs' evidence, we proceed to examine the titles of the parties, and what remains of the title of the plaintiffs is based solely on rights as co-heirs with the persons under whom the defendant claims.

Being plaintiffs in a petitory action, they must pevail by the strength of their own title, and not by the weakness of their adversary. It is perhaps true, that a co-partner would have a right to recover property remaining in co-parcenary, from a person having no title, but could only proceed by way of partition against his co-proprietors, or those claiming under them.

The defendant claims title by virtue of a sheriff's sale, made under a seizure of a part of the property belonging to the succession of Isaac Phillips, which was opened by his death,

The act of partition of an estate made and acknowledged before a notary of another state, when it is offered in evidence as an exemplification of office books, must have the notarial seal of the notary affixed, with the certificate and great seal of state of the governor, that the notary is duly commissioned, &c.; to authorise its admission as evidence in the courts of this state.

The protests of bills of exchange are, by commercial law and usage, received as evidence, without inquiry of the notary's capacity to make them, or a certificate that he is duly commissioned, &c., even when made in another state or foreign country.

WESTERN DIST.
October 1831.

PHILLIPS ET ALS.
vs.
FLINT.

in the parish of Rapides, and which remained undivided in the possession of his widow, and two of the heirs, John and Abraham Phillips, until a partition was provoked by a judgment creditor of the heirs. The present plaintiff appeared in that suit for partition: took no appeal from the decision of the judge of the Court of Probates; and as to them, it is now final. The judgment allotted to the heirs, John and Andrew Phillips, amongst others, the slaves now in dispute, by charging them with the price for which they had been sold, to pay their debts; and particularly a debt to H. A. Bullard, secured by mortgage, executed by them on the said slaves, to satisfy which, they were sold. Objections are made to the validity of the title, acquired by the purchaser at sheriff's sale, on the ground that an undivided part or share of a co-heir in succession, could not be siezed on execution. This is true according to the *Civil Code, article 6, page* 490, which was enforced at the time of the seizure under Bullard's execution: Yet the sheriff proceeded to sell without opposition, and conveyed to the defendant.

Plaintiffs in a petitory action must recover by the strength of their own title, and not by the weakness of that of their adversary.

If that sale involves any nullity, it is merely relative, and could be set aside only by a person who has just title, in an action of rescission; and in whom the title remained, at the time of instituting such action. In the present case the petition contains no prayer requesting the sale by the sheriff, to be rescinded; and if it did, it could not avail the plaintiffs, because previous to the commencement of the suit, the decree of partition had allotted the slaves in question, as a portion or a part of their portion, to John and Abraham Phillips, the mortgagers to Bullard, to satisfy whose debt they (the slaves) had been sold. According to this view of the case, we are of opinion, that the plaintiffs have not shown title, and consequently ought not to recover the slaves by them claimed.

. An undivided portion or share of a co-heir of a succession cannot be seized and sold under execution. But such sale involves a relative nullity, which can only be taken advantage of by a person having a just title at the time, in an action of rescission.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, annulled and reversed: And it is further ordered, &c., that the judgment be here rendered, for the defendant and appellant, with costs in both cases.