EASTERN DIST.
May, 1836.

ROCHELLE'S
HEIRS
vs.
BOWERS.

ROCHELLE'S HEIRS vs. BOWERS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action by the heirs of a surety in a paymaster's bond, against a co-surety, to compel him to contribute his proportion of the sum for which all the sureties were condemned *in solido*, by a judgment in the United States District Court: *Held*, that the record and judgment of said court was domestic, although not examinable in the state courts; and not being revised or reversed by the Supreme Court of the United States, was *res judicata*, and conclusive evidence against each and all of the parties as to all things adjudged by it, and admissible in evidence in this case.

This is an action by the heirs of the late R. L. Rochelle, against the defendant, George P. Bowers, to recover his proportion of the sum of seven thousand four hundred and fifty-six dollars, being the one-half of a judgment which the executors of the ancestor of the plaintiffs paid and satisfied to the United States; which had been obtained against both of them, as sureties in a paymaster's bond. The plaintiffs allege that by said payment, they, in right of their ancestor, became subrogated to the rights of the government of the United States against said Bowers, who, as co-surety, was bound for his proportion of said sum, amounting to one thousand four hundred and ninety-one dollars, with interest, for which they pray judgment.

The defendant pleaded a general denial, and denied specially that he ever signed the surety bond of paymaster Gibbs; and that no citation was ever served on him in the suit on said bond in the United States Court; consequently, he was no party to the bond or to the suit, &c.

On the trial, the plantiff offered in evidence the record of the suit of the United States vs. Gibbs and his sureties, the defendant being one, which was disallowed by the court to go to the jury, because said suit and record was not legal

evidence of what it purported to establish.  The court added, "there was no other evidence that Bowers was security to Gibbs than what appears in the judgment which is offered in proof of the plaintiffs' demand ; and which evidence the court refused, because it does not appear that Bowers was a party to the judgment."  The opinion of the court was excepted to.  The plaintiff again offered the same record, which was objected to on the ground that service of citation appeared to be made on David Talcot, the commercial partner of defendant, and so alleged in the petition.  To obviate this objection, the plaintiff offered to prove that the said David Talcot was the commercial partner of said Bowers, at the time of executing said bond and at the time of the service of process on said Talcot.  This testimony was refused by the court, and a bill of exceptions taken.  It was then agreed that the cause be tried before the Supreme Court, on the petition, answer and bills of exception.  The plaintiffs took the appeal.

*Carleton* and *Lockett,* for plaintiffs.

*Hennen,* contra.

*Mathews, J.,* delivered the opinion of the court.

This case comes up on bills of exception to the opinion of the judge *a quo*, in which he refused to admit in evidence the record of a judgment which had been obtained in the District Court of the United States, for the district of Louisiana, against the defendant ; and a refusal to allow parole proof of the existence of a partnership between him and David Talcot, on whom service of citation was made in that suit.  The trial was before a jury in the court below, and the evidence on which the plaintiffs based their action, being refused admittance, they, the jury, found a verdict for the defendant, on which judgment was rendered, and the plaintiffs appealed.

The reasons given for rejecting the record and judgment of the District Court of the United States, appear to us to

EASTERN DIST.
*May*, 1836.

ROCHELLE'S
HEIRS
*vs.*
BOWERS.

In an action by the heirs of a surety in a paymaster's bond, against a co-surety, to compel him to contribute his proportion of the sum, for which all the sureties were condemned *in solido*, by a judgment in the United States District Court: *Held*, that the record and judgment of said court was domestic, although not examinable in the state courts; and not being revised or reversed by the Supreme Court of the United States, was *res judicata* and conclusive evidence against each and all of the parties, as to all things adjudged by it, and admissible in evidence in this case.

have no foundation in the rules of evidence established for the purpose of aiding in the administration of justice. Perhaps the facts offered to be proven by the plaintiffs, in relation to the service of citation, in that court, were not necessary to support the action of the plaintiffs; and this, from the view which we have taken of the case, we believe to be true. The suit in the court of the United States was brought by the government against several sureties for the faithful performance of the duties required of a paymaster employed by the proper authority of the United States, in relation to their armies. He proved to be a defaulter, and judgment was rendered against his sureties *in solido*; amongst them was the ancestor of the plaintiffs, who was compelled to pay the whole amount of defalcation; and they, as his heirs, bring the present suit, to recover from the defendant the amount for which he is legally responsible to his co-surety, as having paid the whole amount of the debt to the United States.

The judgment of the District Court of the United States is domestic, although not subject to revision or examination by any of the tribunals of the state in which it may have been pronounced. It could only have been reversed or affirmed on an appeal or writ of error to the Supreme Court of the federal government. The present defendant was condemned as surety *in solido* with others, to pay the damages which had accrued to the United States in consequence of the misconduct of the paymaster, their principal; and as to him and others who were parties to the proceedings which took place in the federal court, we consider the judgment there rendered as *res judicata*, and conclusive evidence against all and each one of them, as to all things which were adjudged by that court relating to the cause of which it clearly had jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled; and it is further ordered, that the cause be sent

back to said court for a trial *de novo,* with instruction to the judge thereof not to reject the record and judgment of the District Court of the United States, offered in evidence by the plaintiffs; and that the defendant and appellee pay the costs of this appeal.