MARITZ ROTHSCHILD and others *v.* GEORGE P. BOWERS.

An exception that the claim is a joint one against several persons, some of whom have not been made parties, is too late after the case has been remanded for a new trial. It should have been pleaded, before issue joined, on the first trial.　C. P. 333.

The obligations of co-sureties to pay their portions to the surety who has paid the whole debt, and the proportion in which they are bound to pay, depend upon the law, and not upon the contract. They are bound, severally, to pay their respective proportions, and the surety who has paid the whole debt is subrogated to the rights and actions of the creditor, and entitled to recover the rate of interest which he paid.

APPEAL from the District Court of the First District, *Buchanan*, J.

· *Lockett*, for the plaintiffs.

· *A. Hennen*, for the appellant.

BULLARD, J. This case was before the Supreme Court some years since, and was then remanded for a new trial. See 9 La. 528.

The ancestor of the plaintiffs, who had signed a bond with several other persons as sureties for a Paymaster, paid the whole amount of the judgment recovered in the Federal Court against all the sureties *in solido*, and this action is against one of the co-sureties and co-defendants for his proportion.

Previously to the former appeal, the parties entered into a writ-

ten agreement that " the case should be tried before the Supreme Court upon the petition, answer, and bills of exception, &c., the controversy being narrowed to a single point, viz., whether the judgment rendered in the United States Court in the case of the *United States* v. *The Securities of Gibbs* be valid against this defendant." This court held that the record in that case was admissible in evidence, being of opinion that the present defendant was condemned as surety *in solido* with others, to pay the damages which had accrued to the United States in consequence of the misconduct of the Paymaster, their principal; and that as to him and others who were parties to the proceedings which took place in the Federal Court, the judgment then rendered was *res judicata*, and conclusive evidence against all and each of them. But the court, instead of giving judgment against the defendant for his share, remanded the cause for a new trial.

After the case was remanded, the defendant filed a new exception, to wit, that the claim is a joint one against several persons, who are not made parties defendant as required by law. No notice appears to have been taken of this exception, but the trial proceeded without any decision of the court upon it. This is called a peremptory exception; but is that its true character? The Code of Practice says, " it is a rule which governs in all cases of exceptions, except in such as relate to the absolute incompetency of the judge before whom the suit is brought, that they must be pleaded specially *a limine litis* before issue joined, otherwise they shall not be admitted." Art. 333. Now, in this case, there was not only an answer to the merits and an issue joined, but there had been a trial on that issue, and the case had been remanded for a second. The agreement, it appears to us, precludes such an exception, because it restricts the whole case to the single question, whether the judgment in the Federal Court was conclusive upon the defendant as to his liability. The court did not, therefore, err in disregarding the exception.

The defendant's counsel took a bill of exceptions to the rejection of a deposition, which was offered to prove that the defendant had no knowledge of the signature of the bond in the pleadings mentioned by Talcott and Bowers, that the partnership was dissolved when the process from the Federal Court was served

on Talcott, and that the defendant was not in the State at the time of service. The court, in our opinion, did not err. It had already been decided that the record was conclusive against the defendant as a party to it.

The charge of the court to the jury was also excepted to. The jury were instructed : *First*, That the obligation of a debtor *in solido* to the co-debtor who has paid the solidary debt, under article 2100 of the Civil Code, is a *several* obligation.

*Second*, That the payment made by Rochelle of $14,000 and upwards, is to be viewed as applicable for one-half to each of the judgments in the United States Court. *Third*, That the interest to be allowed, in case the jury find for the plaintiffs, is six per cent from the date of the payment by Rochelle, the plaintiffs being subrogated to the rights of the United States.

The court, in our opinion, did not err in this view of the law. The obligation of co-sureties to refund, and the proportion in which they are bound to refund, depend upon the law, and not upon the contract. They are bound, severally, to repay their proportion to the surety who has paid the whole debt, and the latter is subrogated to the rights and actions of the creditor, who has been satisfied. He is entitled to the same rate of interest which he paid. The jury does not appear to have erred on questions of fact.

*Judgment affirmed.*