SYDALISE THOMPSON v. GIRARD CHRÉTIEN and another.

In an action on a joint contract, all the obligors must be made defendants, though one of them may have performed his part, or may be domiciliated in a parish beyond the jurisdiction of the court, parties contracting joint obligations being considered to waive the personal privilege of being sued before the court having jurisdiction over the places of their domicil; and the judgment must be against each defendant, separately, for his proportion.

In an action on a joint contract, the suit was dismissed by the inferior court as to one of the defendants, on the ground of his domicil being in a different parish. Plaintiff took no appeal from the judgment of dismissal, but obtained a judgment against the other defendant. On an appeal by the latter: *Held*, that the action being on a joint contract, both contractors must be before the court; that the plaintiff having failed to make use of the means given him by law to reverse the erroneous decision of the inferior court, cannot avail himself of his own neglect; and that there must be judgment as in case of nonsuit.

APPEAL from the District Court for the parish of St. Landry, *Lewis*, J. This was a action by the widow of one John Thompson, suing in her own right, and as the mother and natural tutrix of her minor children, against Girard Chrétien, a resident of the parish of St. Martin, and Hypolite Chrétien, of the parish of St. Landry. The plaintiff represents that her late husband, Thompson, believing himself largely indebted to the United States, conveyed to the defendants a large amount of property, to be sold or otherwise disposed of by them, to indemnify themselves against any loss they might sustain, as heirs of their deceased brother, Louis Chrétien, in consequence of the obligation of the latter to the government as security for Thompson. That the defendants advertised the property for sale; became themselves the purchasers of nearly all, at a great sacrifice; and have ever since possessed it. That its actual value greatly exceeded the amount which the defendants paid to the United States on account of Thompson. The petition further represents, that the defendants, to prevent Thompson from ever obtaining any benefit from the property conveyed to and subsequently sold by them, induced him to execute an act before a notary, by which he ratified the sales made by them. That the only consideration for that act, was the payment by the defendants, as heirs of their brother, of a sum of $14,806 27, to the United States. That immediately after the exe-

Thompson v. Chrétien and another.

cution of the act of compromise, the defendants applied to Congress to have the amount paid by them refunded, and received $12,999 of the $14,806 27, originally paid by them, with interest thereon at six per cent, on the ground that the amount had been illegally collected from them. That, in consequence, the consideration for which the property was transferred to the defendants by Thompson, has wholly failed. The plaintiff concludes with a prayer, that the acts of sale to, and of compromise with the defendants, may be annulled; that they may be ordered to convey the property so obtained by them to the plaintiff, or to account for the value of any which may have been sold by them; or, in case such conveyance should not be decreed, that the defendants be ordered to pay to the plaintiff the amount received by them from the United States, with interest from the time when it came into their hands.

Girard Chrétien excepted to the jurisdiction of the court, on the ground that his domicil was in the parish of St. Martin. The exception was sustained, and the petition dismissed as to him. The plaintiff took no appeal from the judgment of dismissal.

Hypolite Chrétien having answered, there was a judgment against him for the whole amount, and the plaintiff was considered to be entitled to recover.

*Lewis*, for the plaintiff.

*I. E. Morse*, and *Voorhies*, for the appellant.

Simon, J. The appellant seeks the reversal of a several judgment against him for the whole claim of the plaintiff on a contract by which his co-defendant and himself are alleged to be bound to account for sundry tracts of land, slaves, &c., conveyed to them by Thompson the deceased, to indemnify them and a co-heir of theirs, against the consequences of a suretyship into which their ancestor entered for the husband of the plaintiff, in his bond to the United States as collector of a certain tax. The District Court sustained the plea of his co-defendant to its jurisdiction, on the ground of his being a resident of another parish. The counsel for the defendant Hypolite Chrétien, urges that nothing is due to the plaintiff; that if any thing was due, he was liable for one half only; and that the action being a joint one, no

judgment can be given otherwise than contradictorily with both the joint defendants.

The view which we have taken of this case, renders it useless that we should attend to either of the two first grounds of defence. The obligation of the defendants is a joint one, for they bound themselves to do the same thing, and the Civ. Code, art. 2075, provides, that "when several persons join in the same contract, to do the same thing, it produces a *joint* obligation." In every suit on a joint contract, all the obligors must be made defendants (Civ. Code, art. 2080) ; even where one of them has performed his part of the obligation (Ib. art. 2082) ; and "the judgment must be rendered, *against each defendant separately for his proportion.*" Ib. art. 2081.

The counsel for the appellee has contended that he complied with all the requisites of the Code in making both the joint obligors parties to the suit, and that the act of the court in dismissing one of the defendants, ought not to be visited on the plaintiff.

To this, the counsel for the appellant has replied, that it does not suffice that all the obligors should be made parties ; but it is essential that all should remain in court till judgment is pronounced, for otherwise it cannot be rendered according to the provisions of the Code, in art. 2081. He has relied on the case of *Loussade* v. *Hartman et al.* 16 La. 119, in which we reversed the judgment, because it was rendered against two obligors only, although four of them were named as defendants in the petition, but not cited. In the case of *Mayor &c. of New Orleans* v. *Ripley et al.*, 5 La. 120. We affirmed a judgment ordering the discontinuance of a joint suit, on the ground that the plaintiff had discontinued it as to some of the defendants.

This court was so fully impressed, in the case of *Toby et al.* v. *Hart et al.*, 8 La. 523, with the necessity of all the joint obligors being made parties to the suit, that we thought ourselves authorized by that necessity to create an additional exception to the general rule of the Code of Practice, art. 162, that " one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicil or

residence," and we held that parties contracting joint obligations, may be considered as having waived their personal privilege.

The present case, however, differs from that of the *Mayor &c.* v. *Ripley et al.*, in this, that in that case the plaintiffs dismissed some of the obligors, and from that of *Loussade* v. *Hartman et al.* in this, that there the plaintiff neglected to have two of the defendants cited, while the present plaintiff submitted to the decision of the court (notwithstanding her opposition,) sustaining the plea to the jurisdiction of the defendant's co-obligor, whom they had made defendant.

The law leaves to every suitor the right, and the means, of averting an injury which may result to him from any erroneous decisions of an inferior court. If he neglects to exercise that right, and to use those means, he alone is to blame ; and he cannot avail himself of his own neglect, to resist the exercise of any right which this neglect may give to the other party. *Unicuique sua culpa nocet.* The plaintiff might have appealed immediately from the interlocutory order sustaining the plea to the jurisdiction, and even after the final judgment he might, perhaps, have appealed and obtained relief.

That the order was an erroneous one, clearly results from our decision in the case of *Toby et al.* v. *Hart et al.*

It is, therefore, ordered that the judgment be annulled, and that ours be for the defendant and appellant as in case of nonsuit, with costs in both courts.