MARIE LOUISE PASCAL *v.* LOUIS A. DUCROS, Sheriff of the Commercial Court of New Orleans.

Though sheriffs and other public officers, acting in good faith, within the sphere of their duties, and in obedience to legal process, are entitled to protection, yet when they act in a manner contrary to their own convictions of right, and upon bonds of indemnity, persons injured by their proceedings are entitled to a liberal measure of damages.

In an action against a sheriff for damages, for the illegal seizure and removal of plaintiff's furniture, under an execution against a third person, evidence is admissible, under a general allegation that the furniture was removed against plaintiff's earnest remonstrances, to show, in aggravation of damages, the manner in which the furniture was removed, and all the concomitant circumstances.

In assessing damages for an illegal seizure of furniture, made by a sheriff under an execution against a third person, the jury should take into consideration the manner in which the seizure was made, and the degree of rigor or lenity with which the officer acted.

The deputy by whom an illegal seizure was made, need not be joined, as a co-trespasser, with the sheriff, in an action against the latter for damages.

After an answer to the merits, an exception on the ground of the non-joinder of a co-trespasser, is too late.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Elwyn* and *R. Hunt,* for the plaintiff.

*A. Bodin,* for the appellant.

BULLARD, J. This is an action of trespass, against the late sheriff of the Commercial Court, who is charged by the plaintiff with having sent one of his deputies to her house to seize property alleged to belong to Deslonds, at the suit of Cordeviolle and Lacroix.

She alleges, that he seized furniture belonging to her, notwithstanding her repeated and earnest protestations that it was not the property of the defendant in the execution. That the furniture was taken away, to the great inconvenience of her numerous family, and her great damage. That the deputy sheriff acted in utter disregard of her entreaties, and in contempt of her just rights. There was a verdict for the plaintiff for $800 damages, and the defendant has appealed.

It is clearly shown, that the furniture seized and taken away, belonged to the plaintiff; that the deputy sheriff was notified of

the fact, went away and obtained a bond of indemnity from the plaintiffs in the execution, and then persisted in making the seizure. The trespass was therefore clearly proved, and it was for the jury to appreciate the damages sustained by the plaintiff; and although sheriffs, and other public officers acting in good faith, within the sphere of their duties, and in obedience to legal process, are entitled to protection, yet when they act in a manner contrary to their own convictions of right, and upon bonds of indemnity, persons injured by their illegal proceedings, are entitled to a liberal measure of damages.

The defendant and appellant relies for a reversal of the judgment, upon the following points :

1. Because improper evidence was allowed to be given to the jury.

2. Because the charge to the jury prayed for by the defendant, was refused.

3. Because the judge ought to have awarded a new trial.

4. Because, in actions of trespass, judgment can not be rendered against one of the co-trespassers alone.

1st. The improper evidence complained of, consisted in the testimony of witnesses to prove the wanton and careless way in which the deputy sheriff seized and carried away the furniture. It is said there is no allegation in the petition to authorize such evidence in aggravation. It appears to us differently. The petitioner states, that her furniture was taken away in disregard of her earnest entreaties and remonstrances ; and, we think, that in actions of this kind, evidence may well be admitted to show the manner in which the act was committed, and all the concomitant circumstances.

2d. The judge, instead of charging the jury as requested, told them that a sheriff, in the execution of a writ of seizure, must seize only the property of the defendant; that, in case of doubt, he is to pause and ascertain who is the owner ; that, after being forewarned by a third person that the property is that of such person, and not of the defendant, if, on receiving a bond of indemnity from the creditor, he proceeds with the seizure, and it turns out that the property is not that of the defendant, he is liable in damages to the real owner, and that the jury are to take into

consideration the manner in which the seizure was made, and the degree of rigor and roughness, or of lenity, with which the sheriff acted.

This charge accords substantially with what we have just said on the subject, and the court did not err in so instructing the jury. The case relied on in 1 Baldwin, 140, appears to us to support the charge as given.

3d. It is next urged, that the court erred in refusing a new trial on one of the grounds upon which it was asked, to wit, that the testimony admitted changed the nature of the action. We have already expressed our opinion, that the evidence was properly admitted, to show in what manner the deputy sheriff proceeded.

4th. The fourth ground rests upon the assumption that there were more than one trespasser, and consequently, that all should have been joined in the action ; and an exception to that effect was offered and rejected at a late period in the proceedings, and after an answer to the merits. The deputy sheriff was acting in that capacity, and consequently the sheriff was responsible for his acts, and they cannot be considered as co-trespassers. But even if it were otherwise, the exception not being a peremptory one, came too late.

Upon the whole, we see nothing which could justify our interference. The sheriff instead of obeying his writ, followed the orders of the plaintiffs in the execution, disregarded the possession of the plaintiff, notwithstanding her urgent entreaties, and rigorously treated the property in her possession as that of the defendant in the execution. He must take the consequences of his illegal act, and look elsewhere for indemnity.

The judgment of the Parish Court is, therefore, affirmed, with costs.