## FORGAY v. LAMBETH.

The non-joinder of all the obligors in an action on an obligation alleged in the petition to be joint, can only be taken advantage of by exception *in limine litis*. The exception is waived by an answer to the merits.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Watts* and *Spring*, for the plaintiff.  *W. M. Randolph*, for the appellant.  The judgment of the court was pronounced by

SLIDELL, J. *Jacobs* and *Lambeth* were joint owners of certain lots of ground in New Orleans.  The municipality gave an order requiring them to be paved. *Jacobs*, with the authorisation of *Lambeth*, made a contract for himself and *Lambeth*, with *Forgay*, for this paving.  The contract was fulfilled by *Forgay*. *Jacobs* paid his half to *Forgay*, who gave *Jacobs* a full discharge, and then brought this action against *Lambeth*, to recover his half of the price of the work. The defendant pleaded the general issue.  He also pleaded specially that he had become bound to sell and convey the property alleged to have been paved, before the pavement thereof, to *James Donaldson*, and that if the same was paved, it was for the benefit of *Donaldson*, and not of respondent.

Upon these issues the parties went to trial.  Witnesses offered by the plaintiff proved the contract for paving.  From this testimony it clearly appeared that the liability of *Jacobs* and *Lambeth* was that of joint obligors; also, that *Jacobs* had paid his half, and had been fully discharged by *Forgay*.  Upon proof of the contract, the defendant filed what he terms a peremptory exception, in which he suggested that it appears from the testimony of the witness, *Jacobs*, that he was jointly bound with the defendant upon the contract made with plaintiff, and moved the court to dismiss the suit.  The court disregarded the exception, and refused the motion to dismiss.  In this, we think, the court did not err.

What would have been the duty of the court if the joint liability had been presented for the first time by the evidence, is a question which it is unnecessary to decide.  The averments of the petition sufficiently charge a joint obligation, and if the defendant desired to avail himself of the rule prescribed in art. 2082 of the Code, which requires all the joint obligors to be made parties, even although one of the joint obligors has discharged his part of the obligation, he should have excepted *in limine litis* to the non-joinder; and he has waived the exception by answering to the merits.  The court has examined the cases cited [cited by counsel], but does not consider them pertinent.  In the case of *The Mayor v. Ripley*, 5 La. 122, the suit was brought against all the makers of a joint note.  Before the case came to trial, the plaintiff discontinued as to three of the defendants.  At the trial the remaining defendants moved a dismissal of the suit, which was granted by the court below, and sustained on appeal.  In

*Thompson* v. *Christian*, 3 Rob. 26, the suit had been brought against all the defendants. The court below, for a supposed want of jurisdiction on the ground of domicil in another parish, dismissed the cause as to one; but on appeal it was held that, as the debtors were joint obligors, the plaintiff should have appealed from the judgment dismissing the action as to the co-obligor, and have kept him before the court till final judgment. In *Duggan* v. *De Lizardi*, 5 Rob. 226, all the co-obligors had been made defendants, and there was judgment against each for his proportion. Five of the defendants appealed, and the other defendants were not cited as appellees. There was a motion by the plaintiff to dismiss the appeal, on the ground that the action was against joint obligors, and that all the defendants in the court below were not made parties to this appeal. The motion was sustained, and the appeal dismissed. In none of these cases was there an implied waiver of the exception.

The testimony of *Jacobs* was excepted to, on the ground of interest. It was properly admitted. He had no interest in favor of *Forgay*, the party calling him. He had paid *Forgay*, and had been fully discharged. How the interest of the witness could be promoted by the the recovery of *Forgay*, against *Lambeth*, we are unable to perceive. It is said that, as co-obligor, he was liable *in solido* for costs, although he had discharged his part of the obligation. C. C. art. 2082. He would have been so liable, if he had been sued; but he was not made a party defendant, and *Lambeth*, as we have seen, had, by his pleading, waived any objection on that score.

The liability of the defendant is fully proved. The case does not appear to us to rest upon the testimony of a single witness. The corroborating circumstances are abundant.

When the contract was made a sale to *Donaldson* was in contemplation, but not executed nor recorded. *Lambeth* was the apparent owner. The contract was for a fair and reasonable price; it was made by *Jacobs*, *Lambeth's* co-proprietor, with his authorisation and approval. The credit was given to them. If *Donaldson* has had the benefit of the work, that may give rise to a question between him and *Lambeth*, but does not concern *Forgay*.

*Judgment affirmed.*