E. EDWARDS *v.* W. O. SMITH AND L. F. STEELE.

The exception to an action by one curator, of the non.joinder of the other curator, is a dilatory exception, and comes too late after judgment by default.

APPEAL from the District Court of Bossier, *Drew,* J.
*Looney,* for plaintiff and appellant. *Fout & Duncan,* for defendants.

BUCHANAN, J. This is an action brought by *E. Edwards,* in his capacity of curator of the estate of *Brinkley B. Hallon,* deceased, against *W. O. Smith,* as drawer of a promissory note, and *L. F. Steele,* as surety. A default was entered against both defendants, after due citation; no defence was ever filed by *Steele;* but *Smith* filed an answer denying the plaintiff's authority to bring the suit, pleading the general denial, and averring, that if he ever executed the note sued on, the consideration had failed; that it was given in consideration of a certain negro man slave, named *Raleigh,* who at the time of the sale, was affected with an incurable redhibitory disease. The petition concludes with a prayer that the note be cancelled, the sale set aside and annulled and for a trial by jury. The trial by jury was refused.

The evidence shows that *Erasmus Edwards* and *Andrew Lawson,* were appointed curators of the estate of *Brinkley B. Hallon,* and as such, caused to be sold in the course of administration, and under an order of the court, the slave *Raleigh. Smith* became the purchaser, for the sum of $1105, payable in twelve months, for which amount he gave the note upon which the plaintiff sues, with *Steele* as surety. It is admitted by the pleading, (and the evidence which was received without objection, fully establishes the fact,) that the note was given as the price of the slave *Raleigh.* There was judgment for the plaintiff, and both defendants have appealed. It is urged that though the plaintiff's petition alleges the death of his colleague in the curatorship, yet nothing in the evidence sustains the allegation. Without passing upon the merits of the exception to the plaintiff's capacity to sue, we think that as it was of a dilatory nature, it could not be urged after a judgment by default had been entered. Upon the merits, we do not perceive upon what ground the defendants expect to reverse the judgment appealed from.

Nothing in the evidence supports the allegation that the slave was diseased. The privilege allowed by the judgment was not claimed in the petition, but as it results necessarily from the defendants' admission in his answer, and from the evidence received without objection, it cannot be pretended that he was taken by surprise. Under the prayer for general relief, we think there was no error in recognizing an incidental right, the evidence of which was placed upon the records by the defendants themselves. See *Weiner & Co.* v. *Richardson,* 5 An., p. 646. Considering, however, the nature of the pleading in the District Court, we think his claim for damages, as for a frivolous appeal, should be rejected.

It is ordered that the judgment appealed from, be affirmed with costs, and the prayer for damages as for a frivolous appeal rejected.