(40 South. 705.)

No. 15,799.

POLICE JURY OF LAFOURCHE v. ROBICHAUX et al.

(Feb. 26, 1906.)

1. BRIDGES—TOLL BRIDGES—ESTABLISHMENT.

Act No. 67, p. 61, of Acts of 1855, authorizing the police jury of the parish of Lafourche and the municipal authorities of the town of Thibodaux to construct and maintain a toll drawbridge across the Bayou Lafourche and within the limits of said town, is still in force, not having been repealed, either directly or by necessary implication.

2. FERRIES—POWERS OF POLICE JURIES.

Police juries throughout the state have plenary powers with respect to the establishment of public ferries, bridges, and roads, and with respect to their abandonment or discontinuance, and may in their discretion convert a free bridge or road into a toll bridge or road, and vice versa, and may operate a toll ferry or road directly or through their lessees. Plank Road v. Kline, 30 South. 854, 106 La. 325, reaffirmed.

3. INJUNCTION—OPERATION OF FREE FERRY —POLICE JURY.

The police jury of a parish has the right to restrain by injunction the operation of a free ferry or bridge within the prohibited distance from a public toll bridge prescribed by statute or ordinance.

4. FERRIES—FREE PONTOON BRIDGE.

A free pontoon bridge, constructed and maintained by individuals, without warrant or authority of law, within a short distance of a public toll bridge, cannot be considered in the light of a private ferry. Blanchard v. Abraham, 40 South. 379, 115 La. 989, reaffirmed.

5. INJUNCTION—PARTIES—POLICE JURY.

The police jury, as joint owner of a public toll bridge, need not join its co-owner, a municipal corporation, in an injunction suit to restrain the operation of a free bridge constructed and maintained in violation of the statute and a prohibitory ordinance of the parish.

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Lafourche; Louis P. Caillout, Judge.

Action by the police jury of Lafourche against E. G. Robichaux and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Thomas A. Badeaux, Joseph Alfred Octave Coignet, Francis Lewis Knoblock, and Beattie & Beattie, for appellants. Howell & Martin, for appellee.

LAND, J. The police jury of the parish of Lafourche and the town of Thibodaux jointly own and operate a toll bridge across the Bayou Lafourche opposite said town, which connects the public roads and highways on both sides of said navigable stream.

The police jury enjoined the numerous defendants in this suit, constituting in number a small community, from maintaining and operating a free bridge within one third of a mile of said public toll bridge. The injunction was perpetuated in the court a qua, and defendants have appealed.

In the recent case of Blanchard v. Abraham, 115 La. 989, 40 South. 379, we affirmed a judgment perpetuating an injunction against the maintenance and operation of a subscription pontoon bridge within a certain distance of the public toll ferry operated by the plaintiff therein as lessee of the police jury of the parish of Lafourche. In that case we considered at length the power of police juries over public ferries and bridges and the right of individuals to maintain private ferries, and came to the conclusion that the infringement of the exclusive right of the lessee is the same, whether the rival bridge or ferry be toll or free, as the evil in both cases is the unlawful subtraction from the profits of the licensed ferry. In the same case we said:

"A combination to cross a large majority of the former patrons of plaintiff's ferry cannot be assimilated to the case of an individual crossing himself and family or a few friends or neighbors as a matter of accomodation."

We also maintain the constitutionality of Act No. 202, p. 391, of 1902, relative to the powers of police juries, and the validity of the ordinance of the police jury of the parish of Lafourche adopted January 26, 1905, and making it unlawful for any person or combination of persons to operate a free ferry or bridge within three miles of any public ferry or toll bridge operated or constructed by authority of the police jury.

In the instant case it is not disputed that the police jury and the town of Thibodaux are conjointly operating a toll bridge as already stated, and it is admitted that the numerous defendants combined and constructed and were operating a pontoon bridge free to the public within half a mile of the toll bridge in question. It is not disputed that the object of defendants was to avoid the payment of tolls, and it is shown that by the operation of the free bridge the revenues of the toll bridge have been greatly diminished.

The particular defense which distinguishes this case from that of Blanchard v. Abraham, supra, is the denial by the defendants of the right of the police jury to levy and collect tolls on the bridge located within the territorial limits of the town of Thibodaux.

By Act No. 67, p. 61, of 1855, the Legislature authorized the police jury of the parish of Lafourche and the town of Thibodaux to construct a drawbridge across the Bayou Lafourche within the limits of said town, and the two political corporations were further authorized to contract with any person or corporation to build the same and to grant to the person or corporation constructing the bridge the exclusive right and privilege to collect toll as the grantors might allow for a term not exceeding 20 years. A contract was made as authorized with a certain bridge company, and the bridge was constructed and operated under the franchise until it was destroyed in 1862. In 1866 the police jury of the parish and the town of Thibodaux were authorized by legislative act to reconstruct the bridge. The same bridge company reconstructed the bridge

and by contract acquired the exclusive privilege to collect toll until December 31, 1891. The charter of the bridge company provided that on the termination of its franchise the bridge should be abandoned to the police jury of the parish and to the mayor and trustees of the town of Thibodaux.

In January, 1892, the police jury and the town authorities instituted suit against the bridge company claiming the right to be put in possession, and without any compensation to defendant, of the bridge in controversy. This litigation finally resulted in a judgment in favor of the plaintiffs therein, recognizing them as the joint owners of the bridge. See Police Jury et al. v. Bridge Company, 44 La. Ann. 137, 10 South. 677.

This bridge has ever since January, 1892, been operated as a toll bridge by means of a joint committee, composed of members of the police jury and the board of aldermen of said town.

We agree with our learned Brother of the district court that the ninth paragraph of Act No. 202, p. 392, of 1902, amending and reenacting section 2743 of the Revised Statutes of 1870, relative to the powers of police juries, restricts their exclusive privilege of establishing ferries and toll bridges only as to ferries or bridges already established, and that such exclusive privilege attached to the bridges excepted as soon as their charters expired. This same exception is contained in section 2743 of the Revised Statutes of 1870, and was first enacted in the year 1852, in order to protect the vested right of persons then operating ferries and bridges under charters granted by authority of the state.

We also agree with our learned brother that the proviso in the same paragraph that "no toll shall ever be charged on such bridge" refers to bridges within the control of municipal corporations, over which jurisdiction has been waived by the council in favor of the police jury.

Our learned brother points out the fact that this proviso is a part of the new matter incorporated in said paragraph in 1902, as follows:

"Save and except with the consent and approval of the municipal corporation who shall have authority to waive their jurisdiction in favor of the police jury, provided no toll shall ever be charged on such bridge."

There is good reason for providing that no toll shall be charged on a bridge constructed at the expense of a municipal corporation and transferred to the police jury in the interest of the public, but there is no reason why such proviso should apply to bridges erected by the parish or by persons under contracts with the police jury.

The next contention of defendant is that the police jury has no authority over ferries or bridges over Bayou Lafourche within the limits of the town of Thibodaux, or for one mile above or below its boundaries. It is true that the charter of 1846 conferred "the exclusive privilege of establishing a ferry from said town to the opposite bank of Bayou Lafourche, and from said opposite band back to the town" and further provides that "no ferry shall be established within one mile thereof"; but it is equally true that Act No. 67, p. 61, of 1855, authorized the police jury and the corporation to construct or cause to be constructed a drawbridge across the Bayou Lafourche within the corporate limits of the town and to grant to the person or corporation constructing the same under contract the exclusive privilege to collect toll for not more than 20 years and to prohibit any ferry across said bayou within the limits of said corporation. There can be no doubt that his enactment abrogated the exclusive privilege of the town to establish ferries within the corporate limits. The bridge was substituted for the ferries, and has remained

ever since under the joint control of the police jury and the municipal authorities.

The town of Thibodaux having recently adopted Act No. 136, p. 224, of 1898 as its charter, it follows that all of its former charters have been abrogated, and that under section 15 (page 228) of the said act it is authorized "to license ferries and to regulate the same and the landing thereof within the corporate limits." This grant is not exclusive, and its operation is confined within the territorial limits of the town, which do not extend across the Bayou Lafourche. Hence it would seem that for the establishment of a ferry or bridge to operate within and beyond the limits of the town of Thibodaux the consent and co-operation of the police jury is requisite.

The general ferry privilege granted to all municipal corporations by section 15 of Act No. 136, p. 228, of 1898, is not contrary to or inconsistent with the special privilege granted jointly to the police jury and the town by the acts of 1855 and 1866. "Lex generalis non derogat speciali."

Section 2743 of the Revised Statutes and the amendatory act of 1902, in excepting "ferries or bridges within the control of municipal corporations," evidently refers to ferries and bridges exclusively within such control and over which the police jury can exercise no jurisdiction without the consent of the municipality. This is also a general law, which does not derogate from the force and effect of the special law authorizing the joint ownership and control of the bridge in controversy.

The verb "to establish," as used in paragraph 9 of Act No. 202, p. 392, of 1902, in connection with ferries and toll bridges, as follows: "To establish ferries and toll bridges within their respective parishes" means "to found, to create, to regulate; as, 'Congress shall have power to establish post roads and post offices.'" See Black, verbo. The word "establish" has a variety of meanings, such as to institute, to ordain, to decree, to originate, to make, to create, to form, to organize, to constitute, etc. See 16 Cyc. p. 591, verbo.

The contention that the powers of the police jury are restricted to leasing ferries and toll bridges is without merit, as the police jury cannot delegate a power which it cannot exercise itself. The statute gives police jury the right to lease, but in no manner restricts its power to operate a ferry or toll bridge through its own agents.

The contention that the bridge in question became free when the charter of the bridge company expired is equally without merit. The act of 1855 does not so ordain, and in no manner curtails the general powers of the police jury over the drawbridge in question.

Police juries have the same power over ferries and bridges that they have over public roads. In fact and in law a public bridge is but an extension of the contiguous public highway. Oliff et al. v. City of Shreveport, 52 La. Ann. 1223, 27 South. 688. In Plank Road Company v. Kline, 106 La. 325, 30 South. 854, this court held that police juries have plenary power with respect to the discontinuance or abandonment of public roads, and that it is within their discretion to establish a toll road upon the site of a free road or elsewhere. In that case the court further held that the authority of police juries with respect to the construction and management of toll roads is as broad as that which concerns the establishment of such roads, and that they may build, maintain, and operate toll roads directly or contract with others for their construction, maintenance and operation. The court further held in the same case that the granting of a franchise to collect tolls to the plank road company was not in contravention of article 48 of the Constitution, as conferring a monoply.

The bridge in question belongs jointly to the town of Thibodaux and the police jury of the parish of Lafourche, and they have the legal right to establish it as a toll bridge. The police jury, having an interest in the bridge and the tolls collected, had the legal right to protect such interest by injunction against acts of trespass committed in violation of the provisions of the statute and the ordinance of the police jury. Any one in interest may enjoin an unlawful act which operates to his prejudice, and the wrongdoer cannot complain that another person having a common or joint interest with the plaintiff has not been made a party. Even in a petitory action a joint heir or owner may recover the whole undivided property from a mere possessor without title. Compton v. Mathews, 3 La. 134, 22 Am. Dec. 167; Phillips v. Flint, 3 La. 149; Pearson v. Grice, 6 La. Ann. 232.

We see no error in the judgment appealed from, and it is therefore affirmed.