ROGERS, J.
 

 James A. Oarruth, individually and as agent for 19 other persons, sued the Port Hudson Oil Developing Company, Inc., as principal, and the Globe Indemnity Company, as surety, on a bond of $5,000 to guarantee the beginning before a fixed date of drilling operations for oil and gas under certain leases covering lands in the parishes of East Baton Rouge arid East Eeliciana. In a supplemental petition plaintiff claimed attorneys’' fees under the provisions of Act 225 of 1918.
 

 Judgment was rendered in favor of plaintiff as prayed for against both defendants. This appeal is -by’ the Globe Indemnity Company. '
 

 The record shows that during the month of June, 1920, plaintiff and the other parties represented by him, as lessors, entered into certain oil and gas leases with Weber and McLemon, as lessees, in which the lessees obligated themselves to begin drilling operations on or before September 1, 1921. These leases were subsequently assigned by the original lessees to the Port Hudson Oil Developing Company, Inc., which had been organized to take them over.
 

 On August 6, 1920, the bond signed by the Globe Indemnity Company was executed. The obligee named in the bond is “J. V. Carruth, Agent,” and the obligation guaranteed is described as follows, viz.:
 

 “Whereas, the above bounden principal has entered into a certain agreement dated August 4, 1920, to commence drilling operations for oil and gas on properties situated in East Baton Rouge or East Eeliciana parishes, state of Louisiana, before September 1, 1921, and the obligee desires a bond showing principal’s good faith in actually drilling for oil and gas. This bond is intended to guarantee that the principal will put a drilling rig on the lease and will drill for oil and gas to a depth of two thousand eight hundred (2,800) feet, unless gas or oil is found at a lesser depth. This bond expires September 1, 1921, and all claims must be filed within sixty (60) days after expiration.”
 

 Appellant interposed, alternatively, numerous defenses to plaintiff’s suit. In this court, however, the reversal of the judgment ap
 
 *239
 
 pealed irom is sought only upon three alleged errors of the district judge. These alleged errors are: (1) The exclusion of evidence by which the defendants attempted to prove that the principals of “Cariuth, Agent,” the obligee of the bpnd, included other persons besides those named in the petition, who therefore were only entitled to recover their pío-rata interest in the obligation; (2) allowing recovery upon an instrument which is so uncertain as to the nature, character, and extent of the obligation guaranteed as to be void for indefiniteness; and (3) awarding the plaintiff attorneys’ fees.
 

 We will discuss these contentions separately and in the order named.
 

 1. Appellant contends that plaintiff, Carruth, received the bond in question, not only on behalf of and for the benefit of the parties who have authorized him by formal pojver of attorney to institute this suit, but also on behalf of and for the benefit of about
 
 45
 
 other property holders who had executed leases similar to those attached to the petition, and that he was entitled to offer testimony to prove that fact. The testimony was excluded upon the ground that this issue should have been presented by a plea of nonjoinder -filed in limine; or, at least, that it should have been set up in the answer as a special defense.
 

 It is alleged in the petition that all the leases entered into by plaintiff and his 19 associates with Weber and McLemon were assigned to the defendant, Port Hudson Oil Developing Company, Inc., and that said company, in accepting the leases, assumed the obligations of the assignors therein, and that to .guarantee the carrying out of these obligations executed the bond herein sued on. The truth of these allegations appears to háve been established by the record. These leases, with five leases covering property in the parish of Tangipahoa, constituted the sole assets of said company; the leases in the parish of Tangipahoa are not embraced within the terms of the bond. It is therefore difficult to perceive how
 
 45
 
 other property holders can have any interest in this suit.
 

 But, be that as it may, the ruling of the district judge is supported by authority. In Forgay v. Lambeth, 2 La. Ann. 589, this court said:
 

 “The nonjoinder of all the obligors in an action on an obligation alleged in the petition to be joint, can only be taken advantage of by exception in limine litis. The exception is waived by an answer to the merits.’’
 

 Other cases in point are Rothschild v. Bowers, 2 Rob. 380; Pascal v. Ducros, 8 Rob. 112, 41 Am. Dec. 294; Edwards v. Smith, 10 La. Ann. 536; Dyer v. Drew, 14 La. Ann. 667 ; Police Jury v. Robichaux, 116 La. 286, 40 So. 705; Carolina Cement Co. v. Southern Wood Distillates
 
 &
 
 Fiber Co., 137 La. 469, 68 So. 831.
 

 The ruling of the district judge was correct for the further reason that plaintiff, as agent, in the absence of objection from his principals, has the right to maintain the action in his own name. The general rule is that an agent may sue upon a contract, whether written or unwritten, entered into on account of the principal, which, in terms, is made with the agent personally. Mechem on Agency (2d Ed.) vol. 2, § 2024, pp. 1592, 1993; 2 C. J. § 505, p. 896; 21 R. C. L. § 78, pp. 902, 903; Girault v. Feucht, 120 La. 1070, 46 So. 26. In Rowe v. Rand, 111 Ind. 206, 12 N. E. 377, Niblack, J., states the general rule as follows:
 

 “An agent may sue in his own name: First. When the contract is in writing, and is expressly made with him, although he may have been known to act as agent,” etc. ■
 

 2. Appellant denies plaintiff’s right of recovery on the bond because the nature, character, and extent of the obligation purportedly guaranteed is described in such un
 
 *241
 
 certain language as to be void for indefiniteness. It is argued, in support of this defense, that it is impossible to determine from the language of the instrument whether it guaranteed that the Port Hudson Oil Developing Company would begin drilling operations before September 1,1921, or would sink its well to a depth of 2,800 feet before that date, unless oil or gas was found at a lesser depth.
 

 The obligation entered into by the principal obligor was to commence drilling operations for oil and gas before September 1, 1921, and, the obligee desiring “a bond showing principal’s good faith in actually drilling for oil and gas,” the bond was executed “to guarantee that the principal will put a drilling rig on the lease and will-drill for oil and gas to a depth of two thousand eight hundred (2,800) feet, unless gas or oil is. found at a lesser depth,” and that “this bond expires September 1, 1921, and- all claims must be filed within sixty (60) days after expiration.”
 

 We think the instrument clearly shows the intention of the parties was that a “drilling rig” should be placed on the lands leased, and the drilling for oil and gas should be commenced before September 1, 1921, and that this was the obligation guaranteed by the bond. It is obvious that the requirement to drill to a depth of 2,800 feet could not have' been met by September 1, 1921, which was the limit of time of the surety’s responsibility as fixed in the bond.
 

 It is also to be observed that the contention is without merit because no attempt was made by the principal obligor to commence drilling operations at any time. No pretense whatever was made to comply with the obligation of the leases and the bond.
 

 3. Appellant, lastly and alternatively, complains of the award in the judgment of attorneys’ fees under the provisions of Act 225 of 1918. The argument of its counsel is that the law applies to statutory, and not conventional, bonds; and that, in any event, the statute is unconstitutional.
 

 In the original brief filed on behalf of appellant appears (at page 17) the following: .
 

 “Our original pleadings
 
 deny
 
 the rights of the plaintiffs to recover attorneys’ fees under this statute, and, in the alternative, assail its constitutionality.” (Writer’s italics.)
 

 A reference to the pleadings, however, fails to show any specific
 
 denial
 
 ofvthe right of the plaintiff to recover under the statute other than as would result from the success of appellant’s attack on its constitutionality.
 

 Article 14 of appellant’s answer reads as follows:
 

 “Further answering, defendant avers that
 
 if
 
 the plaintiff’s case comes within Act 225 of 1918, under which recovery of 10 per cent, attorney’s fees is sought, such statute is unconstitutional, null, and void, as denying defendant protection of the law, and as depriving defend-at of his property without due process of law in violation of the provisions of the Constitution of the United States and of the Constitution of the state of Louisiana.” (Writer’s italics.)
 

 Under the quoted averment of appellant’s answer it is futile to discuss the question of whether the statute applies solely to statutory, and not to conventional, bonds. In fact, we have no right to- do so, since the only issue presented by the pleading is the constitutionality, vel non, of the legislative act under the federal and state Constitutions.
 

 Counsel for appellant urge that the statute is unconstitutional because the attempted classification sought to be made therein is unreasonable and arbitrary in that it discriminates between primary and secondary obligors and between a successful plaintiff and a successful defendant. They cite Gulf, Colorado & Santa Fé Ry. Co. v. Ellis, 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666. This case, however, was discussed and interpreted by the Supreme Court of the United States in Missouri, ^Cansas & Texas
 
 *243
 
 Ry. Co. v. Cade, 233 U. S. 642, 34 S. Ct. 678, 58 L. Ed. 1138, as we have shown in Fidelity Homestead Association v. Kennedy & Anderson et al. (No. 25304 of onr docket, this day decided) 158 La. 1059, 105 So. 64.
 

 In Missouri, Kansas & Texas Ry. Co. v. Cade, supra, the Supreme Court of the United States said:
 

 “If the classification is otherwise reasonable, the mere fact that attorney’s fees are allowed to successful plaintiffs only, and not to successful defendants, does not render the statute repugnant to the ‘equal protection’ clause.”
 

 In Chicago & Northwestern Ry. Co. v. Nye Schneider Fowler Co., 260 U. S. 35, 43 S. Ct. 55, 67 L. Ed. 115, in which the jurisprudence on the subject is reviewed by Chief Justice Taft, a statute allowing attorney’s fees against a railroad company for failing to settle a claim within a specified time, although it was not allowed against a losing claimant, was held not to deny the equal protection of the law, so long as no arbitrary, unequal, or oppressive result for the carrier is the result.
 

 We do not find the attorney’s fees as fixed by Act 225 of 1918 to be arbitrary, unequal, or oppressive.
 

 Nor do we perceive the applicability of the argument concerning the distinction between primary and secondary obligors. It is true, the statute applies only to sureties; but it does not discriminate between them. It affects all sureties, individual or corporate, alike. It imposes on all of them the obligation of considering and settling claims on their bonds within 30 days after amicable demand for payment has been made in writing, and it is provided that the 10 per cent, attorneys’ fees shall only be recoverable where the full amount claimed by the “suit- or is recovered.” ’
 

 “Nor is the discrimination which the statute makes between sureties on bonds as defendants and other defendants not sureties on bonds a purely arbitrary one without any reasonable ground existing therefor. For the object of requiring a surety for an obligation is to secure a prompt and sure performance thereof. But the Legislature may well have found that sureties on bonds given in judicial proceedings or on building contracts, ‘or otherwise,’ often resist payment of just claims against them upon the flimsiest of pretexts; and by technical pleas and groundless defenses do often delay payments beyond all reasonable limits. There was therefore reasonable ground for providing ‘an incéntive to prompt settlement * * * a deterrent of groundless defenses.’ And the distinction between such defendants and other defendants is based on features peculiar to that business.” Fidelity Homestead Ass’n v. Kennedy & Anderson, referred to supra.
 

 In our opinion, the statute does not deny áppellant the equal protection of the law, nor does it deprive it of its property without due 'process of law, and therefore the action of the district judge in awarding plaintiff 10 per cent, as attorneys’ fees on the amount of his claim was correct.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
 

 O’NIELL, C. J., absent..