(Sherer *v.* Hodgson.)

---

[PHILADELPHIA, JANUARY 9, 1832.]

## SHERER *against* HODGSON.

### IN ERROR.

In assize of nuisance, a plea in abatement, that, pending the writ, and since the last continuance, the defendant had abated and removed the nuisance complained of, is inadmissible, and may be treated by the plaintiff as a nullity.

WRIT of error to the Court of Common Pleas of *Chester* county.

*James Hodgson*, the defendant in error, was plaintiff below, in an assize of nuisance, instituted against *Robert M. Sherer*, the plaintiff in error, for raising " a certain dam of water in the townships of *East Nottingham* and *New London* in the said county, to the nuisance of the freehold of the said *James Hodgson*," &c. The defendant,

(Sherer *v.* Hodgson.)

on the third of *November*, 1829, pleaded "not guilty, &c." and by consent of parties, the assize was adjourned to the twenty-second of *February*, 1830, when the defendant pleaded in abatement "that pending the same writ and since the pleas last by him above pleaded, the nuisance complained of, if any existed, has been by him, the said defendant, abated, and 'that the said dam of water has been by him the said *Robert M. Sherer*, lowered, so 'that no nuisance is done to the freehold of him the said *James Hodgson* in the premises," &c.

An affidavit of the truth of the facts alleged in this plea, was annexed to it; and on the same day the defendant moved the court for a rule upon the plaintiff to reply *instanter.* The court denied the motion. The recognitors were then called, and sworn or affirmed, and the cause proceeded. On the following day, the recognitors returned a verdict, finding, in substance, that at the issuing of the original writ of assize, the defendant had raised the dam in question, to the nuisance of the freehold of the plaintiff, and that it be abated and removed, so as to remove and abate the swelling of the water upon the land of the plaintiff; and they assessed six cents damages, and six cents costs.

A motion made on behalf of the defendant in arrest of judgment, having been overruled, he sued out a writ of error, and assigned the following errors in the proceedings of the court below:

Plaintiff in error assigns the general error, and specifies—

*First.* The court erred in not requiring issue to be joined on the fact pleaded and verified by affidavit, that, pending the writ, the defendant had abated the alleged nuisance.

*Second.* The court erred in not requiring the matter of the plea in abatement to be first inquired of.

*Third.* The recognitors have not passed upon the matter of the plea in abatement; and there is nothing upon the record to contradict the fact pleaded, that, pending the writ, the alleged nuisance had been abated.

*Fourth.* The only *fact* found by the verdict is, that at the time of the issuing of the original writ of assize, a nuisance had been erected, and it was not the province of the recognitors to find a judgment.

*Fifth.* The judgment being entered generally on the verdict, would authorise a *distringas* to cause the nuisance to be abated, although this had already been done, pleaded in the action, and is not denied, either by replication or verdict.

The cause was argued in this court by *Dillingham* and *Chauncey* for the plaintiff in error, who cited *Fitz. N. B.* 426, note (*a*). 6 *Rep.* 551, (*a*). 16 *Vin.* 42. pl. 12. 3 *Reeves's Hist. Eng. Law*, 23. 28. *Barnet* v. *Ihrie*, 1 *Rawle*, 44. S. C. 17 *Serg. & Rawle*, 215. 218. *Booth on Real Actions*, 212, 213, 214. 260. 270. *Plowd.* 91.

*Bell* and *Tilghman* for the defendant in error, cited 1 *Chitty Pl.* 434. 443. 459. 480, 481. *Wise* v. *Wills*, 2 *Rawle*, 212, 213. 3 *Reeves's Hist. Eng. Law*, 22, 23. 9 *Rep.* 55. *Bro. Ab. A. Action sur le case*,

(Sherer *v.* Hodgson.)

29.  16 *Vin.* 42. *Nuisance,* 12.    2 *H.* 4. 11.    1 *Barnes,* 189.  1 *Archb.* 120.   *Hess* v. *Heeble,* 6 *Serg. & Rawle,* 61, 62.  1 *Roscoe on Real Actions,* 73. 190. 204. 301, 302. 308.

The opinion of the court was delivered by

GIBSON, C. J.—The rejected plea was, in substance and in form, a plea in abatement. It was founded on a supposititious note of Lord *Hale* to a passage in *Fitzherbert,* where it is said that if the defendant abate the nuisance pending the assise, the writ shall abate also. If that were so, the author of a nuisance might foil the injured party forever by removing the cause of offence pending the assise, and replacing it as soon as he had abated the writ and soused the plaintiff in costs. Were the word plaintiff put for defendant, we could comprehend how the having recourse to an inconsistent remedy might abate one already in progress; and I suspect the difficulty in this note arises from an original misprint, retained from mere inadvertence in the subsequent editions. But whatever may be its origin, the books referred to in support of the principle, certainly fail to establish it, or afford it colour of authority; and indeed it has been abandoned in the argument of the concluding counsel, who has admitted that the matter contained in the plea, is available no further than to bar the assise for all but damages and costs. But every plea *puis darrien continuance,* as this was, must be drawn with great certainty, for want of which, just such another was treated in *Wilson* v. *Hamilton,* (4 *Serg. & Rawle,* 238,) as a nullity, which the plaintiff was not bound to answer. Here what is admitted to be matter in bar, was pleaded in abatement; and on that ground alone the judgment below might be sustained. But waving objection to its form, it is decisive that the plea contained, in substance, no issuable matter. It will not be pretended that the plaintiff was bound to demur to or traverse the implied recognition of his own right; and what else did it contain? Simply an allegation that the nuisance had been removed since the impetration of the writ; and it remains to be shown how that could conduce to what is the object of every collateral plea in this sort of action—to prevent the assise from passing. Mr. *Roscoe* who has looked particularly into these matters, and collected the results in his treatise on actions relating to real property, says (page 301), that there are four ways of taking an assise:—1. In the point of assise; which includes but the question of seisin and desseisin: 2. Out of the point of assize; which includes collateral matters pleaded in bar, by the traverse of which the seisin and disseisin are not admitted: 3. For damages; where some matter pleaded collaterally has been found against the defendant: 4. At large; where the defendant attempts to put some particular matter in issue and fails in doing so, either by bad pleading or making default. It is not pretended that our case falls under the first or second of these heads; but it has been supposed to fall under the third, and with what reason remains to be seen. To me it seems to fall under the fourth. The assise is taken

for damages only where special matter pleaded collaterally has been found *against* the party pleading it; a corollary of which is, that it shall not be taken at all where it has been found for him; consequently a collateral plea like the present, must, to be available at all, furnish a complete bar to the whole action; and that the matter pleaded here, would, if found for the defendant, have barred the assise entirely, is not pretended. On the contrary it is admitted that it would still have to pass for the damages; and the reason why it shall pass for no more, is, that the seisin and disseisin have been admitted. But it follows not that the plaintiff is not to have judgment for that part of the cause of action which is confessed by the plea. The matter pleaded here was, however, altogether unavailing, as it would have put the defendant, if found for him, on no better ground than if it were found against him, for still the assise would have to pass. Granting that the finding of it in his favour would have given him whatever advantage he could have derived from the finding of an ordinary collateral plea against him (and the fallacy seems to consist in supposing that to give some sort of advantage,) to what does it amount? The reason for taking the assise only for damages, is not because the defendant has gained an advantage as to the other parts of the demand, but because those parts have been established by his admission of whatever he has not denied, the plaintiff being thus relieved from a part of his proof, but being still entitled to the same finding and judgment as if his whole case were made out in the ordinary way. Were it otherwise, the defendant might perpetuate the wrong by the bare acknowledgment of it. It must be evident, then, that where the assise is taken but for damages, the plaintiff is to have judgment not only for the damages and costs, but for those things that have been admitted as well as those which have been contested. If such, then, be the predicament of a defendant whose plea has been found against him, what advantage would the defendant gain by being placed in a similar one; or why should he insist on putting before the jury a matter, which, if true, could operate only against him by relieving the plaintiff from a part of his proof? It would surely be unreasonable to compel the plaintiff to put in issue a matter which he would be the last man in the world to contest. Why, then, should he not have judgment for his whole cause of action, by whatsoever means established? It would be nugatory, say the counsel, because the nuisance has already been abated. But if a general judgment were not interposed, I see nothing to prevent the defendant from erecting the nuisance afresh as soon as the question of actual removal were determined in his favour, which he could not hope successfully to do in the face of an impending *distringas*. It must be evident that if he could, by temporary removals, compel the plaintiff to go for but damages in successive writs, he might elude the specific character and consequences of the remedy by assise altogether, and reduce it to the substance of the modern remedy by successive actions on the case for the continuance. The unreasonableness of such an

(Shorer *v.* Hodgson.)

advantage shows pretty clearly, the wisdom of the law in making the judgment, as well as the other parts of the proceeding, relate to the state of the nuisance at the impetration of the writ.   But it seems no good reason can be shown why the defendant should gain an advantage by removing the nuisance before judgment, which he could not gain afterwards; and it will not be pretended that a removal of it between judgment and execution would be ground for an *audita querela* to vacate the award of a *distringas*.   In the one case and in the other, the award of it would do him no prejudice ; and the fallacy in either, is in supposing him entitled to have the judgment of the court on the existence and extent of the injury at the time of the trial.   Such a supposition is irreconcileable to the established principles of the action, the judgment being to abate the nuisance described in the writ, or so much of it as is found to have existed, and execution being done by compelling the defendant to restore the ancient state of things in the presence, and by the direction of the recognitors, who are to determine by actual view, the extent of the encroachment on the plaintiff's right.   That is an advantage peculiar to the action, but one that would be lost were the defendant to have the extent of the injury and the measure of its redress, ascertained at the trial.   He suffered no injury, then, in being prevented from anticipating the time for the determination of those matters.   If he has justly and truly removed the cause of offence, whether before judgment or afterwards, the consequences must be the same.   The sheriff and recognitors coming to see execution done, and finding it done already, will proceed no further ; and thus the defendant will receive neither molestation nor injury.   It seems, therefore, that all the errors, depending as they do on the same principle, are disposed of by the preceding remarks; and as the defendant has received no injury, we are unable to say that any of them has been sustained.

Judgment affirmed.