## Charles Gravenberg *v* Joseph Savoie.

8  499
51  351

The plaintiff in a petitory action is not bound to show title in himself good against the world. He is only requred to produce a title as owner " *causa idonea ad transferendum dominium*," to repel the presumption of ownership, resulting from mere possession ; and the date of his title ought to be *anterior* to the possession of the defendant.
Property conveyed to the husband, in lieu of a sum of money inherited by the wife, is paraphernal.

APPEAL from the District Court, Parish of St. Mary, *Voorhies*, J.  *Gibbon-* and *Simon*, for plaintiff.  *Wilson & McClarty*, for defendant and appellant.

DUNBAR, J.  This is a petitory action, commenced on the 5th of April, 1847. The plaintiff claims to be the lawful owner and possessor of three certain tracts of land on the Bayou Teche, in the parish of St. Mary, having a front of about thirty arpents on each side of said bayou, with the ordinary depth of forty arpents.  He says that he has been disturbed in his possession by the defendant, who has forcibly entered upon a portion of said land, built a small house upon the same, and refuses to leave the premises.  The petitioner prays for an Injunction to prevent the cutting of timber, waste, &c., and that he may be quieted in his title and possession.  The defendant, to this petition, filed two answers. In the first, filed 14th June, 1847, he sets up a general denial, and further states, " that on the 30th of March, 1847, he filed in the Land Office at Opelousas his declaratory statement of pre-emption and proof to Fractional Section 53, Township 13, South of Range East in Southwestern District of Louisiana; and on the 18th of April, same year, tendered payment for the land at said office, which was refused ; that a protest had been filed by plaintiff, and that he, the said defendant, is a bona fide settler on said land, which is public, and that he is justly and legally entitled to a pre-emption right thereto.  On the 29th of Jan'y, 1851, the defendant filed an amended answer, in which he sets up that he is now the owner, and was at the inception of this suit, of the said Fractional Section 53 in Township 13, containing one hundred and twenty acres and twohundredths, and prays to be quieted in his title.  The case was tried by the District Judge, without the intervention of a Jury.  Judgment was rendered for the plaintiff, and the defendant has appealed.

On the trial of the cause, the defendant introduced in evidence the Receiver's receipt and Register's certificate of the Land Office at Opelousas, for his purchase of Fractional Section No. 53, containing one hundred and twenty acres and two hundredths.  From the surveys and other evidence, it appears that the land thus purchased from the United States is on the East side of the Bayou Teche, within the limits of the lands claimed by the plaintiff.  It therefore follows that to entitle the plaintiff to recover the land in dispute, he must show an older and better title than the defendant.

The plaintiff, who is the owner of a large sugar plantation on both sides of the Bayou Teche, composed of several tracts of land, traces his title to the land in dispute through various mesne conveyances to one *Catharine Toussart, femme Loisel.*  The said *Catharine Toussart*, on the 9th of June, 1784, being then owner of a tract of land fronting on the West side of the Bayou Teche, containing fifty arpents front, at a place called the "*Chicot Noir*," and having no wood-land, on the West side of the Teche, or Thievas it is written in the requête obtained from the Spanish Governor on the recommendation of the Commandant, an order of survey for the same quantity of land on the East side

of the said bayou, or river. She then, on the 21st of December, 1795, claiming to be the owner of the lands on both sides of the Teche, sold to *Pierre Etier*, her son-in-law, for his wife, *Victoire Borel*, ten arpents front of said land, on both sides of the Teche. It is proper here to remark, that this tract thus sold appears from the surveys and certificates of confirmation to be in the centre of the two large tracts of fifty arpents front on both sides of the Teche, claimed by *Catharine Toussart*. On the 18th of November, 1801, *Pierre Etier* sold to *Wm. Desk* the lower half of said tract, being five arpents front on each side of the bayou. Several years afterwards, *William Desk* sold his portion of the said land to one *P. F. Oyon*, and the latter sold back to *Pierre Etier*, who thus became again the owner of the whole original tract of ten arpents front on each side of the bayou, which had been previously sold to him for his wife, *Victoire Borel*, by her, the said *Catharine Toussart*. The lower half of the said ten arpents front on the East side of the Bayou Teche being the land entered by the defendant, and now in dispute in this suit.

On the map of the Township in evidence, it is put down as land claimed by *Wm. Desk*, bounded above by land of *Pierre Etier*, confirmed by Commissioner's certificate B, No. 1531, and below by land of *François Prevost*, confirmed by commissioner's certificate A, No. 1361. By reference to the certificate B, No. 1531, it appears that the United States Commissioners, on the 28th of September, 1811, confirmed *Pierre Etier* in his claim to four hundred superficial arpents, having a front of five arpents, with the depth of forty on each side of the Teche, founded on settlement and occupancy by *Catharine Toussart* for more than ten consecutive years previous to the 20th of December, 1803, represented in a plat of survey filed with the claim, to be bounded on the upper side by land of *Nicolas Prevost*, and on the lower side by land of *Wm. Desk*. By reference to certificate B, No. 1361, we find that on the 28th of August, 1811, the United States Commissioners confirmed *François Prevost* in his claim to a tract of land containing three hundred and thirty-eight American acres, founded on an order of survey in favor of *Catharine Toussart* for fifty arpents in front by the depth of forty arpents, bearing date the 27th of July, 1784, signed by *Miro*, the Governor of the Province of Louisiana, with proof of settlement, on and previous to the 1st of October, 1800, in the county of Attakapas, on the East side of the Bayou Teche, of which the part confirmed is for the ten arpents in front on the said bayou, with forty arpents in depth, bounded on the upper side by the remainder of the same original tract now claimed by *William Desk*, and on the lower side by land of *Antoine Bonté*. Here then the United States Commissioners, by two acts of confirmation, in 1811, more than forty years since, recognised the title of *Catharine Toussart* to the tract of fifty arpents front on the East side of the Teche, by settlement and occupancy, and under the order of survey granted to her by Governnor *Miro*, on the 9th of June, 1784, and confirmed the title to the tracts of land of *Pierre Etier* above, and *François Prevost* below the land claimed by *Desk*.

It is difficult to understand how the title to the tracts of land both *above* and *below* the *Desk* tract—all of them being in the *Toussart* claim of fifty arpents front on the East side of the Teche—could be recognized and confirmed by the United States Commissioners without their recognizing and confirming, at the same time, the intermediate tract claimed by *William Desk*. By reference to the proceedings of the Board of Commissioners, on the 1st of May, 1815, by Report No. 39 and Report No. 41 and 42, on the *Desk* claim, it will be seen that the Commissioners declared that *William Desk* claims five arpents front by the

depth of forty, on the North, and five arpents front with forty-two arpents in depth on the South side of the River Teche, the part on the South or West side proceeding from a concession to *John Bte. Duhon*, and sold by him to *Madam Loisel* (*Widow Borel*) or *Catharine Toussart*, by her to *Pierre Etier*, and by him to the claimant, *William Desk*. The five arpents front on the East side of said bayou being claimed by *William Desk*, under the title or order of survey to *Catharine Toussart*, wife of *Loisel*, by Governor *Miro*, dated the 27th of July, 1784, for fifty arpents front by the depth of forty, on the East side of the River Teche, which is filed in the claim of *François Prevost*. That the necessary deeds of conveyance are filed, and sufficient proof of occupancy. But they go on and declare that the land claimed by *William Desk*, on both sides of the Teche, had been already confirmed to him by the Commissioners by certificate B, No. 1440 or 1543, and conclude that it is not necessary to confirm his claim over again. This was a gross and palpable mistake, and has been the cause, in all probability, of the present contestation. By reference to these two certificates, it will appear that the land on the *West side* of the Teche, here referred to, under the order of survey, to *Jean Bte. Duhon*, bearing date the 24th of June 1778, with settlement on and previous to the 1st of October, 1800, was confirmed to *William Desk*, but on examining certificate B, No. 1543, it will be seen that the land embraced in that certificate is for eight hundred arpents on the *West side* of the Teche, under a different order of survey from that mentioned in said Reports above referred to, at a different place called the Oak Point, and appears to be entirely a different tract of land. It is further shown that the plaintiff purchased of the United States Government the back concession or pre-emption of the *Desk* tract and the adjoining tracts, both above and below. He offered in evidence a plat of survey by which it will be seen that on the 16th of April, 1842, the Surveyor General of Louisiana approved of the survey of the land purchased by the plaintiff as front proprietor of the *Desk* tract now in dispute, and the *Pierre Etier* tract above, and the *François Prevost* tract below; which survey was approved nearly seven years previous to the purchase of the defendant. Indeed the purchase from the U. S. Government of the back concession by the plaintiff must have been made not later than the 15th of June, 1836. See act of Congress, approved 24th of February, 1835, being supplementary to the act entitled an act to authorize the inhabitants of the State of Louisiana to enter the back lands. See also act of June 15, 1832, Statutes at Large, 4th vol., 753, 534. It was as front proprietor, then, or owner of the *Desk* tract as far back as the 15th of June, 1836, that plaintiff purchased of the United States the back concession of the *Desk* tract. This, we consider was an admission or acknowledgment on the part of the Government, (nearly thirteen years previous to the purchase of the defendant on the 13th of January, 1849, of the register at Opelousas,) that the plaintiff, *Charles Gravenberg*, was the owner of the *Desk* tract "under a claim confirmed by the commissioners appointed for the purpose of ascertaining the right of persons claiming lands in the State of Louisiana." We have therefore come to the conclusion, from all the facts in this case, that it has been satisfactorily established that the *Desk* tract was not public land on the 13th of January, 1849, and therefore not liable to entry; that the defendant, *Joseph Savoie*, could acquire no right by his purchase, and that said purchase was absolutely null and void. *Morrison v. Whetstone*, 5 Ann., 636.

But it is urged by the counsel for defendant that the plaintiff has failed to make out a chain of title to the land in question from *Catharine Toussart*. We are not, however, able to discover any defect in the chain of title from *Catha-*

*rine Toussart* down to the plaintiff. The only seeming defect is in the sale of *P. F. Oyon* of this land to *Pierre Etier* and *Julie Prevost,* the widow *Etier*— the title from the latter not having been afterwards conveyed to the plaintiff. But it appears that the plaintiff claims under *Gabriel Fusilier,* who purchased this land from *Victoire Borel,* the widow of *Pierre Etier,* the daughter of *Catharine Toussart,* and for whom the said land had been conveyed by her mother by deed, bearing date the 20th of December, 1795, before referred to in this decision. The title to this land was then, and continued to be, in *Victoire Borel,* rather than in *Pierre Etier,* her husband; for, by reference to the deed, it will be seen that the conveyance of the land was made to *Pierre Etier* for the sum of money which his wife, *Victoire Borel,* was entitled to receive from the estate of her deceased father, *Pierre Borel.* Property conveyed to the husband, in lieu of a sum of money, inherited by the wife, is paraphernal. 1st La., 523. *Savenat et al.* v. *LeBreton et al.*

We do not, however, consider that it is necessary for the plaintiff·in this action to show title in himself good against the whole world. The plaintiff in the petitory action is bound to produce a title as owner "*causa idonea ad transferendum dominium,*" to repel the presumption of ownership resulting from mere possession and the date of his title ought to be anterior to the possession of the defendant. *Bedford* v. *Urquhart et al.,* 8th La., 246. This we think, at least, the plaintiff has done.

There are circumstances, too, connected with the entry and purchase by the defendant of the land in dispute not calculated to impress us very favorably in his behalf. It is shown by the evidence that the plaintiff and those under whom he claims had been for many years previous to the entry of defendant, in the open and notorious possession of the land in dispute under title as owners. During the progress of the cause the plaintiff offered in evidence the testimony of witnesses to prove that the defendant had clandestinely in the middle of the night, built a small cabin on the tract of land in dispute, without the knowledge of the plaintiff who found the said cabin there the next day; that the defendant never cultivated said land, and well knew that the same was claimed, occupied and possessed by plaintiff, was part of his sugar plantation, and had been cleared as such, but the said evidence having been objected to by defendant's counsel, on the ground that the court could not look behind the certificate of the Land Office at Opelousas, was rejected; to which opinion of the court rejecting said testimony the plaintiff took a bill of exceptions. We do not consider it material to decide, from the views we have already taken of this cause, whether this evidence should have been admitted. It does, however, appear from the certificate of the Register at Opelousas, dated the 20th of December, 1849, that after diligent search in his office he has been unable to find the caveat or protest of the plaintiff against the pre-emption right of the defendant, or the original proof of the pre-emption right of the defendant, and that neither could be found in the files or records of his office.

The government has, however, given to the defendant a remedy to the extent of having his purchase money refunded to him. The act of Congress, approved the 12th of Jan'y, 1825, provides, " That every person, or the legal representative of every person, who is or may be a purchaser of a tract of land from the United States, the purchase whereof is or may be void by reason of a prior sale thereof by the United States, or by the confirmation or other legal establishment of a prior British, French or Spanish grant thereof, or for want of

GRAVENBERG<br>*v.*<br>SAVOIE.

title thereto in the United States from any other cause whatsoever, shall be entitled to repayment of any sum or sums of money paid for or on account of such tract of land, on making proof to the satisfaction of the Secretary of the Treasury that the same was erroneously sold in manner aforesaid by the United States, who is hereby authorized and required to repay such sum or sums of money paid as aforesaid."

It is, therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.