Stille vs. Shull.

## No. 241.

### J. D. STILLE VS. W. L. SHULL.

Possession as owner is an essential condition by which the ownership of immovables can be acquired without title or possession in good faith.

When evicted, a trespasser, a possessor in bad faith can not recover the value of improvements.

As against a trespasser the plaintiff in a petitory action is not bound to show title perfect against the world. He can not take advantage of any defects in the muniments of title exhibited by plaintiff. An apparently good title is sufficient against him.

The irregularities and defects in a tax deed not apparent on the face of the deed are cured by the prescription of five and ten years, if the deed is valid in form.

APPEAL from the Eleventh District Court, Parish of Sabine. *Pierson,* J.

*J. F. Smith* for Plaintiff and Appellant:

All irregularities and informalities of a probate sale are cured by the lapse of five years. Passiana vs. Powell, 21 Ann. 584; Woods vs. Lee, 21 Ann. 505; R. S. 3392, 2376; R. C. C. 3543.

Irregularities and defects growing out of any judicial sale are as well cured by the lapse of five years as by a judgment in a monition proceeding. R. S. 2376; Roberts vs. Zansler, 33 Ann. 205.

A judicial sale cannot be attacked in a collateral manner. Louque's Digest, Sale X, Nos. 2, 3; Dixey vs. Mandell, 23 Ann. 499; Anderson vs. Carroll, Hoy & Co., 23 Ann. 175; Doherty vs. Leake, Sheriff et al., 34 Ann. 224.

If the validity of titles acquired under judicial sales within the last forty years were to be tested by the records in existence at any subsequent period, time, instead of healing the defects of such titles, would gradually weaken and eventually destroy them. In all such cases the presumption "*omnia rite acta*" may well be invoked and applied. Old Hennen's Digest. Evidence XXI, Nos. 47, 56, 57; Gibson vs. Foster, 2 Ann. 503; Fontenot vs. Husband, 2 Ann. 780; Gentile vs. Foley, 3 Ann. 146; Roberts vs. Zansler, 34 Ann. 205.

Since the adoption of the Constitutions of 1868 and 1879 all tax collectors' deeds are *prima facie* evidence of a valid sale, and such sales will be presumed to be valid until annulled in a direct action. Those articles simply change the law of evidence, the effect of evidence, and apply to all tax sales, irrespective of the time when made. Const. 1868, Art. 118; Const. 1879, Art. 210; Gidden's Executors vs. Madison Mobley, 37 Ann. 417; Jurey vs. Allison, 30 Ann. 1235; Lannes vs. Work. Bank, 29 Ann. 115; O'Hern vs. Hibernia Ins. Co., 30 Ann. 400; Renshaw vs. Imboden, 31 Ann. 661; Asso. vs. La Branche, 31 Ann. 839; Ludeling vs. McGuire, 35 Ann. 893; Roberts vs. Zansler, 34 Ann. 205; Dupre vs. Thompson, Sheriff et al., 25 Ann. 504, and case cited at Opelousas.

The possession of an immovable accompanies the execution of the act which evidences the sale, and the tax title or any other title translative of property, duly recorded, will form the basis and foundation for acquiring property by prescription. Gidden's Executors vs. Madison Mobley, 37 Ann. 417; Roberts vs. Zansler, 34 Ann. 205.

Where there is no title translative of property real estate can be acquired only by a continuous and uninterrupted possession of thirty years, and under the title of owner. R. C. C. 3499, 3500; Dodeman et al. vs. Barrow, 11 Ann. 87.

Prescription by which property is acquired is interrupted, or ceases to run, whenever the party makes acknowledgment of the right of the person whose title they prescribed. R. C. C. 3520.

Stille vs. Shull.

The possessor in bad faith owes rents or fruits during the time of his possession, and is not entitled to pay for improvements. Hill vs. Bowden et al., 3 Ann. 258; Gibson vs. Hutchins & Vaughan, 12 Ann. 545; French; Executrix, vs. Bach et al., 26 Ann. 733.

*Scarborough & Carver* for Defendant and Appellee:

1. If the record does not affirmatively show the amount in dispute to be over $2000, the Supreme Court will not entertain jurisdiction. 39 Ann. 113; 34 Ann. 406.

2. Plaintiff in a petitory action must recover on the strength of his own title and not on the weakness of his adversary's. C. P. 44; 11 Ann. 546; 22 Ann. 57.

3. Even against a naked possessor plaintiff must show title prior in date to defendant's possession. 15 Ann. 454; 23 Ann. 274.

4. Plaintiff, even against a naked possessor, must produce a title better than any that defendant can oppose against him. All outstanding titles enure to defendant's benefit. 11 Rob. 240; 10 Rob. 510; 3 Rob. 206.

5. Defendant sought to be evicted by a petitory action can urge against plaintiff's title, by way of exception, anything that he could plead in a direct action of nullity. 1 R. 378; 22 Ann. 20; 27 Ann. 121; 8 N. S. 105; 5 Ann. 678; 11 Ann. 761 or 671.

6. The burden of proof is on plaintiff in petitory action to show identity as well as title. 10 M. 293; 12 Rob. 46.

7. The prescription of ten years *acquirendi causa* requires possession to support it. C. C. 3479, 3487.

8. The prescription of five years (curing informalities in public sales per C. C. 3543) cannot be successfully plead by a party not in possession against one who is in possession. 1 Rob. 378; 4 Ann. 248.

9. Same rule as to prescription of three years (Act 105 of 1874). 39 Ann. 409; 32 Ann. 912.

10. Prescription will not be noticed unless plead specially. Pleading it in brief is not sufficient.

11. Under all the Constitutions prior to that of 1868, the purchaser of property at tax sale was obliged to show that all the formalities prescribed by law had been complied with. 19 Ann. 184.

12. A tax sale without assessment, notice or advertisement (besides other errors) is null. *Corpus juris Louisiana* generally.

13. Uninterrupted possession of real estate, without good faith, for thirty years, confers title. C. C. 3499.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

McENERY, J. The appellee moves to dismiss the appeal on the ground that the value of the property in dispute is not shown to be worth over $2000.

The answer of the defendant and appellee admits the property described and set forth in the petition of plaintiff to be worth $2300.

Plaintiff, in an amended petition, disclaims ownership of eighty acres of the land claimed by him in the original petition. Deducting the value of the land relinquished there is left the value of the balance

of the land claimed, $1,556, to which add the amount claimed for rent, will make the sum of $23656.

The motion to dismiss this appeal is therefore overruled.

## ON THE MERITS.

This is a petitory action instituted to recover from the defendant the southwest quarter of northeast quarter and north half of northwest quarter, section 27, township 8, north range 12 west, situated in Sabine parish.

Plaintiff claims by purchase at the succession sale of Robert B. Stille, on 20th June, 1883. The defendant was in possession of the property, and answered denying that the succession of R. B. Stille, from whom plaintiff claims title, ever had any title to said property, and that if said Stille ever owned said property it was not inventoried among the effects of his succession and was never advertised and sold. He further avers that he has been in possession of said property and has held it as owner since the year 1868, and that his possession as owner has been open, public and notorious and pleads the prescription of thirty years.

He also avers that plaintiff's title was divested by tax sale in 1879. He pleads the prescription of three and five years against any action to cancel and set aside said tax sale. He also avers that he has made improvements to the amount of $300, and paid taxes to the amount of $200, and if deprived of said property he asks for judgment for this amount.

In 1848 William B. Stille bought at tax sale in the Parish of Sabine the Rio Hondo claim containing 840 acres, assessed in 1847, as the property of José Estrader. The property was sold for parish and State taxes. K. J. McLemore, the sheriff and collector of taxes, made a deed of said property to William B. Stille, which was duly recorded in the book of sheriff's deeds, and in the book of conveyances in the Recorder's office.

In 1875 William B. Stille died and instituted Robert B. Stille his universal legatee. In 1879, Robert B. Stille died, and the present plaintiff, J. D. Stille, was appointed and qualified as the administrator of his succession.

On the 20th day of June, 1883, under the order of the district judge, the lands belonging to the succession of Robert B. Stille were sold at succession sale and purchased by J. D. Stille. In the inventory of the effects of the succession of R. B. Stille, the immovable property is described as follows:

"Real estate, lands and town property," $12,000.

In the advertisement and in the deed to the present plaintiff, only the north half of northwest quarter of section 27 is mentioned. There was evidently no sale of the southwest quarter of the northeast quarter, and the present plaintiff has never acquired any title to this portion of the land claimed by him. It still remains in the succession of Robert B. Stille.

We will, therefore, only consider the title to the north half of section 27. This is a part of the land purchased at tax sale in 1848 by William B. Stille. In relation to the sale of this portion of Section 27 there appears to be no irregularity.

The defendant contends that this land was sold to one Caldwell at tax sale in 1879. It is not described in the tax deed to Caldwell, and, therefore, could not have been sold. This was a sale of the lands assessed to " unknown parties," and sold in one lot, by agreement, to Caldwell. There were no other bidders, although it is in evidence that parties went to Many to purchase some of these lands, but were informed that Caldwell had purchased them. They went to Many early in the day, and it is stated by Caldwell in his testimony that they were sold to him in the afternoon about 3 o'clock.

The tax sale from the sheriff and tax collector to Wm. Stille, in 1848, is attacked because the land was not assessed in 1847, and there are five other reasons assigned for irregularities under the Revenue Act of 1847.

The tax deed is as follows:

" STATE OF LOUISIANA, ⎱
" PARISH OF SABINE.  ⎰

" Know all men by these presents, That I, K. J. McLemore, Sheriff of the Parish of Sabine, have this day sold at public auction to William B. Stille, of said parish, he being the last and highest bidder, one tract of land situated on Bayou Scie in said parish, Rio Hondo Grant, No. 27, containing 640 acres, assessed on the tableau of said parish for the year 1847, in the name of Jose Estrader, seized and sold according to law by virtue of said tableau, for taxes due the State and parish for the year 1847, together with the costs of sale, amounting in all to $10 34, this certificate to operate as a deed in favor of said purchaser and his legal representatives from and after the 4th day of November, 1850.

" Given under my hand, officially, at Many, this 4th day of November, 1848.

" K. J. McLemore,
" Sheriff Sabine Parish.

" Filed and recorded June 21, 1859.

" John Baldwin,
" Recorder."

The proof is in the record that the assessment rolls for 1847 were lost or destroyed many years ago. The deed is *prima facie* evidence of what is recited therein. The deed expressly recites that the property was assessed in 1847. It is valid in form and there are no apparent irregularities or defects on its face. The irregularities and defects complained of by defendant are cured by the prescription of five and ten years. 39 Ann. 403, 1033; R. S. 3392, 2376; R. C. C. 3543.

The defendant has exhibited no valid title. He never purchased the land, but only the improvements. His possession of the land and that of those from whom he purchased the improvements has not been uninterrupted during the length of time to acquire ownership, and his plea of thirty years, prescription cannot avail him. Possession under the title of owner is an essential condition by which the ownership of immovables can be acquired without title or possession in good faith. He disclaimed any possession as owner, and during his possession and occupancy of the land he acknowledged title in the plaintiff, offering to purchase from him. 39 Ann. 1033.

As against a trespasser the plaintiff in a petitory action is not bound to show title perfect against the world. He can not take advantage of any defects in the titles exhibited by plaintiff. An apparently good title is sufficient against him. 19 L. 396; 9 R. 317; 3 R. 215; 12 Ann. 748; 15 Ann. 76; 35 Ann. 612.

The defendant is a possessor in bad faith. He located on the land without a title and purchased the improvements from his predecessors, who had also located on the land, without title. These transactions were verbal. No written titles to the improvements were given to the defendant. He is not entitled to be paid the value of the improvements purchased by him and for those made by himself. The plaintiff's claim for rent is made on the condition that defendant's claim for improvements is allowed and is pleaded as compensation against the same.

The taxes on the property have been paid by plaintiff. The defendant has also paid taxes, but he must look elsewhere than to plaintiff for reimbursement.

We conclude that the plaintiff has a valid title to the property in controversy.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is further ordered, adjudged and decreed that the plaintiff, Joseph D. Stille, be adjudged the owner of the north half of northwest quarter of section 27, township 8, range 12 west, situated in the Parish of Sabine, and that the de-

fendant, W. L. Shull, be evicted from said property and the plaintiff be placed in peacable possession and enjoyment thereof.

It is further ordered that the reconventional demand of defendant and the demand of plaintiff for rent be rejected, the defendant to pay costs of both courts.

### APPLICATION FOR REHEARING.

In the application for rehearing our attention is called to the diction in the opinion which says: "If there were any complaints they are cured by the prescription of five and ten years. Possession was not necessary, as contended by defendant, to support the plea." As this was unnecessary to the determination of the issues presented in the case, and the decision stands without it, we have stricken it from the opinion.

We have also corrected the misdescription of the land in the decree.

Rehearing refused.