Rowson vs. Barbe.

---

No. 12,979.

E. F. ROWSON ET AL VS. CLARA BARBE.

SYLLABUS.

1. In a petitory action plaintiff must recover upon the strength of his own title, not upon the weakness of that of his adversary.
2. Such an action may be defeated by showing that the title is in a third person; or that a third person has a better title than that asserted by plaintiff.
3. By the Civil Code of 1808, as by the present Code, a donation of real estate is-

null and void unless executed before a notary and two witnesses and accepted in express terms by the donee during the lifetime of the donor.

4. Without these formalities and essentials a donation *inter vivos* presented as a muniment of title fails absolutely.

5. Where plaintiff's case fails on the weakness and insufficiency of the showing of title made by him, and it is so adjudged by the trial judge, it was error to go further and pass judgment rejecting defendant's pleas of prescription set up in the answer. This on the ground that the case fell before consideration of the defense began.

ON APPEAL from the Twelfth Judicial District Court for the Parish of Calcasieu. *Read, J.*

---

*Fournet & Fournet* and *Williams & Sugar* for Plaintiffs and Appellants.

---

*Pujo & Moss* and *Schwing & Moore* for Defendant and Appellee.

---

Argued and submitted December 22, 1898.
Opinion handed down February 6, 1899.

---

The opinion of the court was delivered by

BLANCHARD, J. This is a petitory action instituted by plaintiffs, who seek to be decreed the owners of Section 21, in Township 11 South, of Range 3 West, and Section 37, in Township 11 South, of Range 4 West, containing 676 79-100 acres of land.

The land is situated in the parish of Calcasieu, on Lake Arthur. It was formerly thought to be only fit for pasturage purposes, being then wild prairie lands of little demand and scarcely any market value.

But the remarkable development of the rice culture industry in that section of the State has brought about a great change, and lands once selling as low as twelve and one-half cents an acre now command ten to twenty dollars per acre.

The land in controversy is of that character, and, naturally, the more valuable such lands become the more are the tenures of ownership by which they are held apt to be called into question, and adverse muniments of title set up.

Defendant pleaded the general issue, averred possession of the land since 1878, under a chain of title which she sets out, invoked the pre-

scriptions of two, three, five and ten years, and reconvened, in the event of eviction, for the value of improvements placed by her on the property.

The judgment below, while denying the prescriptions pleaded by defendant, rejected plaintiff's demand on the weakness and insufficiency of the showing of title made by them.

Both parties appeal—plaintiffs seeking to reverse the decree by which their demand is rejected; defendant to reverse that part of it overruling the prescriptions aforesaid.

Plaintiffs assert the following chain of title, viz.:

1. Grant from the Spanish government to Louis J. L. Brognier De Clouet, under the designation by the United States Commissioners, of Grant B., No. 89.

2. Confirmation of this grant by the United States and issuance of patent to Louis J. L. Brognier De Clouet, or to his legal representatives, and to his or their heirs, on November 1, 1833, and recorded January 13, 1874.

3. Donation *inter vivos* by private instrument of writing on March 2, 1813, from Louis J. L. Brognier De Clouet to Marie Louise Catiche De Clouet, *dame* Lastrapes, his neice and god-daughter, recorded January 13, 1874.

4. Act of sale, conveyance and transfer, without warranty, on October 2, 1896, by the heirs of Marie Louise Catiche De Clouet, deceased, and of her then deceased two sons and daughter, Alfred Lastrapes, Charles Lastrapes and Henriette Lastrapes, widow of Alexander Landry, to plaintiffs, recorded October 6, 1896.

Defendant asserts chain of title as follows, viz.:

1. Last will and testament of Balthazar Neville De Clouet to Dolores De Clouet *et als.* dated September 30, 1844.

2. Act of sale and conveyance by Dolores De Clouet *et als.* to Perigrino Avandano, on July 22, 1859, and recorded August 16, 1859.

3. Tax sale of the property as that of Perigrino Avendano to Clairville Granger on July 3, 1872, and recorded May 6, 1874.

4. Confirmation of this tax sale by the State Auditor to Clairville Granger on August 6, 1874, and recorded October 2, 1875.

5. Act of sale and conveyance by Clairville Granger to defendant on August 31, 1878, and recorded December 14, 1881.

The heirs of Marie Louise Catiche De Clouet, dame Lastrapes, ap-

:pear to have paid taxes on the property in the years 1887, 1888, 1890, 1893, and perhaps other years.

Defendant has paid taxes on the same property since her purchase _from Clairville Granger, in 1878.

In the latter part of 1891, or the early part of 1892, she took actual, .corporeal possession of the land, leasing it to various parties, and the ..same was put under fence and in cultivation. It has been since, and is now, in her actual possession.

Plaintiffs and those from whom they claim title have never been in _actual possession.

It is a principle of law so familiar as to have become trite that a _plaintiff in a petitory action must recover upon the strength of his own title, not upon the weakness of that of his adversary. Phillips vs Flint, 3rd La. 146.

And a petitory action may be defeated by showing that the title is `in a third person, or that a third person has a better title than that _asserted by plaintiff. Thomas vs. Turnley, 3 R. 207; Williams vs. Riddle, 10 R. 505; Surgi vs. Colmar, 22 La. An. 20; Cronan vs. Coch-:ran, 27 La. An. 120.

As has been seen, one of the props of plaintiff's asserted title is the ·act of donation made in 1813 to Marie Louise Catiche De Clouet. "This was a private act and the signature thereto was simply "B. De Clouet." Plaintiffs affirm this was Louis J. L. Brognier De Clouet. Defendant contests this, deny that it is shown by legal evidence to `have been *Brognier* De Clouet, and assert it might just as well have been *Balthazar* De Clouet, who is shown to have been a brother of `Brognier.

However this may be, it is not important in the view we take of the ·case as presented.

The act of donation, by whomsoever executed, was not in the form prescribed by the law, and was never accepted by the donee during the `lifetime of the donor.

The Civil Code of Louisiana of 1808 was in force at its date.

A donation *inter vivos* of real estate made while that Code was in ·force was null and void, as it is under the present Code, unless exe-·cuted before a Notary Public and two witnesses and accepted in ex-·press terms by the donee during the lifetime of the donor. Pack-·wood vs. Dorsey, 6 R. 329.

This pretended donation, then, as a muniment of title, fails abso-

Rowson vs. Barbe.

lutely. Its nullity is not merely relative; it is absolute. Such an act can be held to have no effect whatever. So far as it is concerned matters are left in the same situation as if the donation had never been made or attempted, and, thus, it is open to the attack of any person whatever having the slightest interest.

Scott vs. Briscoe, 37th La. An. 179.

This is not a case where it can be claimed that after the death of the donor his heirs, either expressly or by voluntary execution of it, ratified or confirmed the donation. No express act of ratification' is shown; no conduct of their's is cited from which voluntary execution appears. Mere silence and inaction on their part is, in such a case as this, neither voluntary execution, confirmation, nor ratification. The case presents a different state of facts in this regard from that appearing in Ventress vs. Brown, 34th La. An. 448, and other authorities cited by plaintiffs' counsel.

Plaintiffs never had possession of this land at any time, and if the heirs of Broguier De Clouet had by intervention appeared in this suit and disputed plaintiffs' pretensions by setting up the nullity of the act of donation under which they claimed, and asserted title in themselves as heirs, direct or collateral, of their ancestor, there can be no doubt that if judgment went against defendant at all it would have been in favor of the intervenors and not in favor of plaintiffs.

If this be so, then it is clear that third persons are shown to have a better title than that on which plaintiffs base their claim, and this better title in others not suing, defendant may invoke to repel plaintiffs' assault.

So, plaintiffs advancing to the attack on defendant's possession as owner, find themselves repulsed and beaten back at the threshhold by the weakness of their own line. They retire discomfited, without having developed the weakness, if any, of defendant's position. They must show, before the possessor can be put on his defense, a legal title to the premises in dispute. 3 L. 134.

In this view of the case, it is unnecessary to consider the various objections urged against defendant's showing of title, and equally unnecessary to review the several grounds, including prescription, urged in support of her title.

While it may be true, as plaintiffs' counsel urge on us, upon the authority of Gravenberg vs. Savoie, 8 La. An. 499, that a plaintiff in a petitory action is not bound to show title in himself good against

the world, and that he is only required to produce title as owner *"causa idonea ad transferendum dominium"* to repel the presumption of ownership *resulting from mere possession,* the principle does not apply in the instant case.

Defendant has not a "mere possession" of the land. Her occupancy of the same is not that of a naked possessor only. It is predicated upon acts of transfer and conveyance purporting title, followed by payment of taxes upon the property for many years, and actual, open, notorious, corporeal possession and cultivation since the beginning of 1892. Its origin was not that of a mere trespass. Jamison vs. Smith, 35th La. An. 609.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be so amended as to pass upon and decide only the question of the sufficiency or insufficiency of the showing of title made by plaintiffs to the real estate sued for, and not upon the question of prescription raised by defendant.

It is further ordered, etc., that the judgment of the lower court rejecting plaintiffs' demand because of the weakness and insufficiency of the title they present, be affirmed, with costs of both courts.