(55 South. 675.)

No. 18,800.

VERDUN v. GILMORE et al.

In re E. & J. VERDUN.

(June 5, 1911.)

*(Syllabus by the Court.)*

1. REAL ACTIONS (§ 8*)—PETITORY ACTION—EVIDENCE.

Where it appears that the author, from whom a plaintiff in a petitory action claims to have acquired the property sued for by inheritance, had sold such property, the mere supposition that he may thereafter have reacquired it "by prescription or otherwise" is wholly insufficient as a basis for a judgment in favor of plaintiff. Nor would it do to say that the evidence that such author had so sold the property should be ignored, on the ground that the defendants in the case had partitioned the property by an act reciting that they had acquired it by inheritance from such author, and were thereby estopped to deny that he owned it at the time of his death, since, if the defendants had made no appearance, the plaintiff would be guilty of practicing a fraud upon the court, and upon the holder of the outstanding title, if, knowing the fact established by such evidence, he were to suppress it.

[Ed. Note.—For other cases, see Real Actions, Dec. Dig. § 8.*]

2. REAL ACTIONS (§ 7*)—PETITORY ACTION—EVIDENCE.

It is only when the plaintiff, seeking to recover property from a party in possession, exhibits at least a better right than that of mere possession that the question of the defendant's title need be inquired into, since there is no reason why the possession of one person should be disturbed at the instance of another, who shows no better right to such possession.

[Ed. Note.—For other cases, see Real Actions, Dec. Dig. § 7.*]

Action by Mary Verdun against Walter T. Gilmore and others. Judgment for plaintiff was affirmed by the Court of Appeal, and E. & J. Verdun apply for certiorari or writ of review. Reversed, and suit dismissed.

Marks, Wortham & Le Blanc, for applicants. W. K. Wilson and Heinen & Modisette, for respondent.

MONROE, J. Applicants pray for the review and reversal of a judgment of the district court for the parish of St. Mary, affirmed by the Court of Appeal, sustaining a plea of estoppel, set up by the plaintiff in the above-entitled petitory action, against the right of the defendants to prove that the author, from whom plaintiff asserts title by inheritance, was not, at the time of her death, the owner of the property here claimed. The undisputed facts are that in 1844 plaintiff's grandmother, Marcellite Verdun, obtained a patent for a certain quarter section of land; that by three acts of sale, the last of which was executed in 1849, she sold said land to George Schwing and F. De Lucky & Bros., respectively; and that in 1882 she died. Plaintiff asserts title, as the granddaughter and coheir (with her sister, who has not joined in the suit) of Marcellite Verdun, against eight defendants, whom she found in possession, six of whom either disclaimed title or failed to appear; and she objected to the evidence offered by the two who were left (applicants herein) to show that Marcellite Verdun did not own the land at the time of her death, on the ground that they are estopped to deny that she then owned it, by reason of the fact that they, with the other defendants, partitioned said land among themselves by an act which contains the recital that they had inherited it from their grandmother, Marcellite Verdun. The district court and Court of Appeal held that, as defendants set up no title in themselves, they should be regarded as mere trespassers, as against whom plaintiff is not bound to exhibit a title good against the world, and they further held (to quote from the opinion of the Court of Appeal):

"In this case the land was entered by Marcellite Verdun in 1844, and the last portion was sold by her some time in 1849. It may be that, in the long interval that elapsed between her last sale, in 1849, and the time of her death, which occurred in 1882, she had reacquired the land, by prescription or otherwise. As such may be the case in suits of this character, the wisdom of the rule, which requires that the party sued shall at least plead that the title is outstanding in another at the time of the suit, is obvious."

[1] As our learned Brethren find that Marcellite Verdun sold the last portion of the land in question in 1849, the judgments complained of, recognizing plaintiff as the present owner, by inheritance, from her *grandmother*, have no other basis to rest on than the supposition that she may thereafter have reacquired it "by prescription or otherwise," which, in our opinion, is wholly insufficient. Nor would it do to say that the evidence that Marcellite Verdun parted with the only title which she is alleged or shown to have possessed can be ignored, on the ground that defendants are estopped to offer such evidence, since, if none of the defendants had appeared in the case, the plaintiff would be guilty of practicing a fraud upon the court and upon the holder of the outstanding title, if, knowing the fact established by that evidence, she were to suppress it.

"It is a principle of law, so familiar as to have become trite, that a plaintiff in a petitory action must recover upon the strength of his own title, not upon the weakness of that of his adversary." Rowson v. Barbe, 51 La. Ann. 350, 25 South. 140.

[2] It is true that the rule thus stated is relaxed to the extent that, as against a mere trespasser, a plaintiff in a petitory action is not required to exhibit a title "good against the world." And the joint heir or owner may, perhaps, recover the whole of property, in which he has an undivided interest, from a mere possessor without title. Police Jury v. Robichaux, 116 La. 293, 40 South. 705. But it is only when a plaintiff, seeking to recover property from a party in possession, exhibits at least a better right than that of mere possession, that the question of the defendant's title need be inquired into, since there is no reason why the possession of one person should be disturbed at the instance of another, who shows no better right to such possession. And that is, in effect, the language of the law, which reads:

"The plaintiff in an action of revendication must make out his title, otherwise the *possessor,* whoever he may be, shall be discharged from the *demand.*" Code Prac. art. 44. (Italics by the court.)

It is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court, here complained of, be annulled, avoided, and reversed, and that the demand of the plaintiff, as against the two applicants now before this court, be rejected, and her suit dismissed at her cost.