### No. 1975

### Second Circuit

---

### JAMES J. TAYLOR v. SOPHIE WILLIAMS, ET AL.

---

(March 11, 1926.   Opinion and Decree)
(April 10, 1926.   Rehearing Refused)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Petitory and Possessory Actions—Par. 35, 37.**

As against a plaintiff in a petitory action to recover immovable property that has belonged to his deceased sister, of whom he has been recognized as sole heir and ordered placed in possession of her succession by judgment of a court of competent jurisdiction,

defendants in possession who do not claim in their answer to be the owners of the property, have no standing in court to question the heirship of the plaintiff.

**2. Louisiana Digest—Trespass—Par. 7.**

The ex parte judgment of a court of competent jurisdiction recognizing the plaintiff as the sole heir of his deceased sister and ordering him placed in possession of her succession, is prima facie evidence of title in him; and defendants, whose attitude is that of trespassers on property of the succession, are without right to question this prima facie title of the plaintiff.
Stille vs. Shull, 41 La. Ann. 820, 6 South. 634.
Gould vs. Bebee, 134 La. 123, 63 South. 848.
Union S. M. Co. vs. Store, 121 La. 554, 46 South. 649.

**3. Louisiana Digest—Petitory and Possessory Actions—Par. 15.**

Plaintiff in a petitory action is not bound to show title in himself good against the world, he is only required to produce a title prima facie valid to repel the presumption of ownership resulting from mere possession.
Gravenberg vs. Savoie, 8 La. Ann. 499.
Rowson vs. Barbee, 51 La. Ann. 352, 25 South. 139.

**4. Louisiana Digest—Executors and Administrators—Par. 9.**

A succession must be opened in the parish where the deceased resided, if he had a domicile or fixed place or residence in the state.
C. P. 929.

**5. Louisiana Digest—Executors and Administrators—Par. 9.**

If opened elsewhere, all proceeding therein will be null and void and without legal effect.
Succ. of Williamson, 3 La. Ann. 261.
Miltenberger vs. Knox, 21 La. Ann. 399.
C. P., 929.
C. C., 935.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a petitory action to recover a lot in the City of Shreveport and for money as rent thereof. There was judgment for plaintiff as prayed for and defendants appealed.

Judgment affirmed.

Foster, Hall and Smith, of Shreveport, attorneys for plaintiff, appellee.

Herndon and Herndon, of Shreveport, attorneys for defendants, appellants.

STATEMENT OF THE CASE

This is a petitory action to recover lot 26 of Mount Zion subdivision to the City of Shreveport, Louisiana, brought by James J. Taylor who claims title thereto by inheritance from his sister Pernicie Newman Gaston who died at her residence in Orleans parish, Louisiana, in 1918, and who owned the property at the time of her death. By judgment of the Civil District Court of the Parish of Orleans rendered in 1923, James J. Taylor was recognized as the sole heir of Pernicie Newman Gaston and as such ordered placed in possession of her succession.

He alleges that Sophie Williams, Rachel Wilson, Odalee Lucas and Alice Reeves are in possession of the property sued for in bad faith and as trespassers and that they owe him $15.00 per month as rent thereof since August 29, 1918, until paid.

He also alleges that they collected the sum of $300.00 on a policy on the life of Pernicie Newman Gaston that was payable to her estate from the Grand Court of Calantha of the jurisdiction of Louisiana, the proceeds of which policy belonged to him as sole heir of the deceased.

He prayed judgment against each of the defendants recognizing him as owner of the land sued for and as entitled to the possession thereof, and also for judgment

against each of them for the sum of $300.00 with 5 per cent per annum interest thereon from August 29, 1918, as and for the amount of the policy of insurance on the life of Pernicie Newman Gaston collected by them and also for judgment against each of them for $15.00 per month from August 29, 1918, until paid, as rent of the lot of ground in controversy, and that a judgment rendered by the District Court of Caddo parish, Louisiana, on or about August 29, 1918, recognizing defendants as the sole heirs of Pernicie Newman Gaston and ordering them placed in possession of her succession as such, No. 24,253, on the docket of said court, be cancelled and annulled, as an absolute nullity for the reason that at the time of her death the deceased was not a resident of Caddo parish but of Orleans parish, Louisiana.

Defendants denied practically all of the allegations of plaintiff's petition and specially alleged that plaintiff was a bastard, if he was the son of Daniel Taylor, the father of the deceased Pernicie Newman Gaston.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendants as prayed for and the defendants appealed.

## OPINION

There were numerous motion and exceptions filed in this case, but in last analysis the case narrows down to the question of whether or not the defendants are in position to question plaintiff's claim that he is the sole heir of Pernicie Newman Gaston.

In support of his contention that he is the sole heir of Pernicie Newman Gaston, plaintiff filed in evidence a certified copy of the judgment of the Civil District Court of the Parish of Orleans in the matter entitled Succession of Pernicie Newman Gaston, No. 142,154 on the docket of that

court, dated May 10, 1922, recognizing him, plaintiff, as the sole heir of Pernicie Newman Gaston, his sister, and, as such, ordering him placed in possession of her succession.

Plaintiff also filed in evidence, for the restricted purpose of showing its nullity, the judgment of the District Court of Caddo parish, Louisiana, in the matter of the Succession of Pernicie Newman Gaston, dated August 29, 1918, recognizing the defendants as the sole heirs of Pernicie Newman Gaston and as such ordering them placed in possession of her succession.

In their petition in that matter the defendants alleged—

"That Mrs. Pernicie Newman Gaston, their cousin, a resident of the Parish of Orleans, departed this life at her domicile in the City of New Orleans, Louisiana, on the 12th day of May, A.D., 1918. * * *."

Under these allegations it is clear that the Civil District Court of the Parish of Orleans had jurisdiction in the matter of the Succession of Pernicie Newman Gaston and that the District Court of Caddo parish had not jurisdiction.

It is equally clear that under the judgment of the Civil District Court of the Parish of Orleans recognizing plaintiff as the sole heir of his deceased sister Pernicie Newman Gaston and as such putting him in possession of her succession the plaintiff James J. Taylor had a *prima facie* valid title to the property in controversy and that defendants are in possession of the property sued for without title and are trespassers thereon and also that they had no right to the proceeds of the life insurance policy on the life of Pernicie Newman Gaston that they collected.

Under the authority of Gravenberg vs. Savoie, 8 La. Ann. 499, and Rowson vs. Barbee, 51 La. Ann. 352, 25 South. 139, it is clear that plaintiff, who has produced a

title in himself *prima facie* valid, dating back to 1907, which is eleven years anterior to the possession by defendants, cannot be defeated in his effort to recover the property sued for by the defendants, who are mere trespassers, and who do not, in their answer, claim to be the owners of the property.

We have carefully read and considered the able and well written reasons of the learned judge of the District Court for his judgment and find his judgment correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.