AYRES, Judge.
This is a petitory action wherein plaintiff asserts title to a certain 20-acre tract of land situated in Avoyelles Parish, Louisiana, and described as a portion of the fractional SE J4 of Section 23, Township 3 North, Range 4 East, district north of Red River, and bounded, now or formerly, on the north, east and west by lands of George H. Berlin, formerly Federal Land Bank, and on the south by Red River.
Plaintiff acquired title to this property November 21, 1949, by purchase from Avoyelles Realty Corporation, as per deed duly recorded in the conveyance records of said parish and deraigned his title through mesne conveyances for approximately 100 years. Plaintiff called his aforesaid immediate vendor in warranty to defend his title. The defendant likewise asserted title through a conveyance from the Federal Land Bank of New Orleans, dated February 22, 1937, and also duly recorded in the conveyance records. Defendant also called in warranty his .vendor. Plaintiff’s vendor adopted plaintiff’s allegations and joined plaintiff in his defense to defendant’s demands. For answer the call in warranty made upon it, the Federal Land Bank admitted that it sold property to the defendant, as described in its deed, but .denied that *285 the property so sold is the property claimed b> plaintiff. For that reason, it denied any liability in this action and prayed that it be exonerated and be discharged from the call in warranty.
From a judgment recognizing and decreeing plaintiff the owner of and ordering and commanding the defendant to relinquish and deliver possession of the property to plaintiff, defendant appealed.
The evidence leaves no doubt that the properties purchased by plaintiff and defendant, respectively, comprise two separate and distinct tracts or parcels of land. After plaintiff’s purchase of his property in 1949, he informed defendant thereof and requested and obtained from defendant permission to cross certain of defendant’s property in order to reach the property acquired by him; whereupon, plaintiff entered upon the land, cleared a portion, and cultivated the same, all to the knowledge of the defendant. Two years later, after plaintiff had moved to Alaska, defendant took possession of the property and has refused to deliver plaintiff possession.
Through the various irregular descriptions as contained in the 13 instruments constituting the chain of plaintiff’s title, defendant relies upon the principle that a plaintiff in a petitory action must recover upon the strength of his own title and not upon the weakness of that of his adversary. No attack is made upon the description in the deed to petitioner from the Avoyelles Realty Corporation. Such description is adequate in locating and fixing and determining the bounds of the property. As to variations in the mode of description of the property as given in the various instruments and as to possible discrepancies therein, defendant is in no position to be concerned. The testimony makes it clear that defendant has no semblance of a title to the property claimed by plaintiff and that he occupies the position of a trespasser thereon.
The general rule well established in the jurisprudence is that a plaintiff in a petitory action must recover, upon the strength of his own title and not upon the weakness of that of his adversary.
Rowson v. Barbe, 51 La.Ann. 347, 25 So. 139, 140; Verdun v. Gilmore, 128 La. 1063, 55 So. 675; Curry v. Henry, La.App., 29 So.2d 808; Collins v. Sun Oil Co., 223 La. 1094, 68 So.2d 184; Simmons v. Jones, La.App., 68 So.2d 663; Thurmon v. Hogg, 225 La. 263, 72 So.2d 500.
 This general rule, however, ordinarily prevailing in petitory, actions requiring plaintiff to show a perfect title, has no application in an action against a mere trespasser. For instance, it was stated in Stille v. Shull, 41 La.Ann. 816, 6 So. 634, 635:
“As against a trespasser, the plaintiff in a petitory action .is not bound to show title perfect against the world. He [the trespasser] can not take advantage of any defects in the titles exhibited by plaintiff. An apparently good title is sufficient against him.” ■
In Union Sawmill Co. v. Starnes, 121 La. 554, 46 So. 649, the Supreme Court again stated:
“A trespasser cannot take advantage of any defects personal to the parties in the titles exhibited by the plaintiff in a petitory or possessory action.”
See also
Vicksburg, Shreveport & Pacific Railroad Co. v. Sledge, 41 La.Ann. 896, 903, 6 So. 725; Gould v. Bebee, 134 La. 123, 126, 63 So. 848; Taylor v. Williams, 162 La. 92, 98, 110 So. 100; Triche v. Brownell-Drews Lumber Co., Ltd., 174 La. 512, 141 So. 44; In re St. Vincent de Paul Benevolent Association of New Orleans, La.App., 175 So. 140, 143.
After stating the aforesaid general rule, the Supreme Court, in Verdun v. Gilmore, supra, said [128 La.App. 1063, 55 So. 676]:
*286 “It is true that the rule thus stated is relaxed to the extent that, as against a mere trespasser, a plaintiff in a peti-tory action is not required to exhibit a title ‘good against the world’
In a petitory action involving 10 lots fronting on Melpomene Street in the City of New Orleans, defendant relied, in part, upon certain irregularities in tax sales constituting links in plaintiff’s chain of title. Concerning the right of the defendant as a trespasser to rely upon such defects in plaintiff’s title, the court, in Wall v. Rabito, 138 La. 609, 615, 70 So. 531, 533, made this observation:
“Defendant contends that in making the transfer from the state to plaintiff the forms of law were not complied with. But she is without standing for raising that question, as it is one in which the state alone could possibly have an interest. And, moreover, in that connection it is to be noted that if her possession has never matured into a title, she is a mere trespasser, and that as against a trespasser a plaintiff in a petitory action is not required to, show a title good against the whole world, and that, on the other hand, if her possession has matured into a title, this transfer is as to her res inter alios acta, or, in other words, a thing with which she can have no concern.”
See also Young v. Anderson, La.App., 43 So.2d 280, 283.
Under the circumstances and facts established by the record, plaintiff has adequately sustained his burden of proof and established his title to the property in question. The survey and the plat of the surveyor made pursuant thereto support plaintiff’s claim as to the location and identity of his property as separate and distinct from that acquired by defendant from the Federal Land Bank of New Orleans.
The findings and conclusions of the trial court are eminently correct. Therefore, the judgment appealed is affirmed, and particularly pursuant to LSA-R.S. 13:4202 it is therefore ordered, adjudged and decreed that plaintiff, Barron Shannon, be and he is hereby decreed and recognized as the true and lawful owner, and as such entitled to the possession of the following described property, to-wit:
A certain tract or parcel of land containing twenty (20) acres, more or less, situated North of Red River in the First Ward of the Parish of Avoyelles, State of Louisiana, being in and forming a portion of the Fractional Southeast Quarter of Section 23, Township 3 North, Range 4 East, District North of Red River, and being bounded, now or formerly, on the North, East and West by lands of George H. Berlin, formerly Federal Land Bank, and on the South by Red River; ■
and, as more particularly described on a map or plat of survey made by Blanchard J. Marchand, Parish Surveyor, dated May 12, 1955, on file and of record in these proceedings.
It Is further ordered, adjudged and decreed that the defendant, George H. Berlin, be and he is hereby ordered and commanded to relinquish possession of said property and deliver same to plaintiff, Barron Shannon.
It is further ordered, adjudged and decreed that defendant’s call in warranty against the Federal Land Bank of New Orleans be and the same is hereby rejected and dismissed.
The defendant-appellant is taxed with all costs, including costs of this appeal.
Affirmed.